**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
**-and-**
**SPRIGGS & HOLLINGSWORTH**
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOANNE GRACYK,<br><br>Plaintiff,<br><br>v.<br><br>DAVOL INC., a Rhode Island corporation;<br>C. R. BARD, INC., a New Jersey corporation,<br><br>Defendants. | Removed from:<br>Superior Court of New Jersey<br>Law Division -- Union County<br>Docket No. UNN-L-004318-07<br><br>Civ. Action No. _______________<br><br>**NOTICE OF REMOVAL AND COPIES OF ALL PROCESS AND PLEADINGS** |

Defendants C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol"), by their undersigned counsel, hereby remove the above-captioned matter from the Superior Court, Law Division, Union County, New Jersey, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. In support of removal, Bard and Davol respectfully state:

1. Plaintiff filed this action in the Superior Court, Law Division, Union County, New Jersey, on December 18, 2007. Davol was served on or after December 26, 2007.[1] Bard has not been served.

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Bard and Davol have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(b) & (c).

## I. Bard and Davol Have Satisfied the Procedural Requirements for Removal

3. Removal is timely. Davol was served with a copy of the Complaint on or after December 26, 2007. *See* Ex. A (copy of all process, pleadings, and orders served upon Davol, including the summons and complaint). Bard has not been served in this matter. This Notice of Removal is being filed within 30 days of the first date on which Davol, the only properly joined and served party, may have received a copy of the Complaint through service, and so is timely pursuant to 28 U.S.C. § 1446(b).

4. This Notice is being filed within 30 days after Bard's first receipt of a copy of the initial pleading setting forth the claim for relief upon which the action is based, as required by 28 U.S.C. § 1446(b).

5. No further proceedings have been had in the state court action.

6. No previous application has been made for the relief requested herein.

[1] Plaintiffs mailed a copy of the summons and complaint to "Davol, Inc." by certified mail. Plaintiffs did not address the package to an officer, general manager, or registered agent of Davol, and at this time Davol does not know on what date (if ever) an officer, general manager, or registered agent at Davol saw the summons and complaint. As this notice of removal is filed within 30 days of December 26, however, analysis of these issues is not necessary.

7. A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Ex. B and is being filed in the Superior Court, Law Division, Union County, New Jersey and served on Plaintiff.

**II. Removal is Proper in This Case**

8. The Complaint states that Plaintiff is a resident of the State of Ohio. *See* Compl. ¶ 2.

9. Davol is, and has been at all relevant times, a corporation incorporated under the law of the State of Rhode Island with its principal place of business in Rhode Island as well. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Davol is not a citizen of the State of Ohio.

10. Bard is, and has been at all relevant times, a corporation incorporated under the law of the State of New Jersey with its principal place of business in New Jersey as well. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Bard is not a citizen of the State of Ohio.

11. Plaintiff alleges that she suffered injuries as a result of treatment with Davol's prescription medical device the Composix ® Kugel Patch. The Complaint seeks compensatory and punitive damages, together with attorneys' fees and all such other relief as the Court deems necessary. Based on other cases making similar allegations, plaintiffs' Complaint clearly seeks damages in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). In fact, a number of suits alleging similar claims and seeking similar damages have been filed in other federal courts asserting jurisdiction under § 1332(a). Pursuant to 28 U.S.C. § 1407, these cases have been or will be consolidated in a multidistrict litigation captioned *In Re: Kugel Hernia*

*Mesh Patch Products Liability Litigation*, No. MDL 1842, now pending in the United States District Court for the District of Rhode Island.

12. Defendants Bard and Davol may, therefore, properly remove this action pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Bard and Davol respectfully removes this action from the Superior Court, Law Division, Union County, New Jersey to this Court pursuant to 28 U.S.C. § 1441.

Date: January 7, 2008

Respectfully submitted,

DJC

David J. Cooner

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
(973) 297-3960 (fax)

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

# EXHIBIT A

UNION COUNTY SUPERIOR COURT
2 BROAD STREET
ELIZABETH NJ 07207

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (908) 659-4178
COURT HOURS

DATE: DECEMBER 18, 2007
RE: GRACYK VS C R BARD INC ET AL
DOCKET: UNN L -004318 07

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 3.

DISCOVERY IS 450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON ROSS R. ANZALDI

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 002 AT: (908) 659-4178.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.

PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: HARRIS L. POGUST
CUNEO POGUST MASON
161 WASHINGTON STREET
SUITE 1520
CONSHOHOCKEN PA 19428

JUTAW4

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: CK CG CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| | | |
|---|---|---|
| ATTORNEY/PRO SE NAME<br>Harris L. Pogust, Esquire | TELEPHONE NUMBER<br>(610) 941-4204 | COUNTY OF VENUE<br>Union |
| FIRM NAME (if applicable)<br>Pogust & Braslow, LLC | | DOCKET NUMBER (When available)<br>UNN-L-4318-07 |
| OFFICE ADDRESS<br>161 Washington Street, Suite 1520<br>Conshohocken, PA 19428 | | DOCUMENT TYPE<br>Complaint<br>JURY DEMAND ☒ YES ☐ NO |

| | |
|---|---|
| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Joanne Gracyk, Plaintiff | CAPTION<br>Joanne Gracyk v. C.R. Bard, Inc. and Davol, Inc. |
| CASE TYPE NUMBER<br>(See reverse side for listing)<br>606 | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO<br>IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES ☒ NO | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN<br>☐ NONE<br>☒ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| | |
|---|---|
| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ☒ NO | IF YES, IS THAT RELATIONSHIP ☐ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☒ NO | |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| | | |
|---|---|---|
| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | ☐ YES ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
| WILL AN INTERPRETER BE NEEDED? | ☐ YES ☒ NO | IF YES, FOR WHAT LANGUAGE: |

ATTORNEY SIGNATURE

Revised effective 9/1/2007, CN 10517-English

**POGUST & BRASLOW, LLC**
**BY: Harris L. Pogust, Esq.**
**Derek T. Braslow, Esq.**
**Robert N. Wilkey, Esq.**
Eight Tower Bridge
161 Washington Street, Suite 1520
Conshohocken, PA 19428
(610) 941-4204 Ph.
*Attorneys for Plaintiff*

| | |
|---|---|
| **JOANNE GRACYK**<br>5544 Fleet Road<br>Toledo, Ohio 43615<br><br>**Plaintiff,** | **SUPERIOR COURT OF NEW JERSEY**<br><br>**UNION COUNTY – LAW DIVISION**<br><br>**Docket No.**<br><br>**Civil Action** UNN-L-4318-07 |
| **C.R. BARD, INC.**<br>730 Central Avenue<br>Murray Hill, New Jersey, 07974<br><br>**AND**<br><br>**DAVOL, INC.**<br>100 Sockanossett Crossroad<br>P.O. Box 8500<br>Cranston, RI 02920<br>**Defendants.** | **SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Theodore J. Fetter
Acting Clerk of the Superior Court

DATED:

Name of Defendant to Be Served:

Address of Defendant to Be Served:

**POGUST & BRASLOW, LLC**
**Harris L. Pogust, Esq.**
**Derek T. Braslow, Esq.**
**Robert N. Wilkey, Esq.**
**Eight Tower Bridge**
**161 Washington Street, Suite 1520**
**Conshohocken, PA 19428**
**(610) 941-4204 Ph.**
**(610) 941-4245 Fax**
**Attorneys for Plaintiff**

| | |
|---|---|
| **JOANNE GRACYK**<br>5544 Fleet Road<br>Toledo, Ohio 43615<br><br>**Plaintiff,** | **SUPERIOR COURT OF NEW JERSEY**<br><br>**UNION COUNTY – LAW DIVISION**<br><br>**Docket No.**<br>**Civil Action** UNN-L-4318-07 |
| **C.R. BARD, INC.**<br>730 Central Avenue<br>Murray Hill, New Jersey, 07974<br><br>**AND**<br><br>**DAVOL, INC.**<br>100 Sockanossett Crossroad<br>P.O. Box 8500<br>Cranston, RI 02920<br>**Defendants.** | **COMPLAINT AND JURY DEMAND** |

## COMPLAINT

Plaintiff Joanne Gracyk ("Plaintiff"), residing at 5544 Fleet Road, Toledo, Ohio 43615, by her attorneys, POGUST & BRASLOW, LLC, as and for the Verified Complaint herein allege upon information and belief the following:

## NATURE OF ACTION

1. Plaintiff brings this action on behalf of herself for harms suffered as a patient, recipient, user, consumer of a defective Composix Kugel Mesh Patch product

(hereinafter "Patch"), designed, manufactured, produced, and distributed by Davol, Inc., (hereinafter "Davol") a wholly owned subsidiary of C.R. Bard, Inc. (hereinafter "C.R. Bard.").

**PARTIES**

2. At all time relevant herein, Plaintiff was a resident of the State of Ohio and currently resides in Ohio.

3. Defendant Davol is a wholly owned subsidiary of C.R. Bard with its principal office and place of business at 100 Sockanosset Crossroad, P.O. Box 8500, Cranston, Rhode Island, 02920. Davol at all times relevant developed, produced, sold, and distributed hernia repair related products including but not limited to, the Patch, throughout the United States and the world and does substantial and continuing business in the State of New Jersey. Upon information and belief, Davol is licensed and registered to do business in New Jersey and obtained the benefits of the laws of New Jersey and profited from New Jersey commerce.

4. Defendant C.R. Bard is a New Jersey corporation with its principal office and places of business at 730 Central Avenue, Murray Hill, New Jersey, 07974, and at all times relevant developed, produced, sold, and distributed hernia repair related products including but not limited to, the Patch, throughout the United States and the world and does substantial and continuing business in the State of New Jersey. Upon information and belief, C.R. Bard is licensed and registered to do business in New Jersey and obtained the benefits of the laws of New Jersey and profited from New Jersey commerce.

## FACTS

5. Plaintiff was born on May 1, 1951.

6. On or about December 22, 2005, Defendants by way of the Federal Drug Administration ("FDA"), initiated a Class I recall for certain Patches which upon information and belief did not include the Patch surgically used in Plaintiff's hernia repair surgery.

7. On or about December 23, 2005 Plaintiff underwent hernia repair surgery which involved, employed, utilized, and otherwise consisted of surgically using the Patch.

8. On or about January 4, 2006, Plaintiff was re-admitted to the hospital as a result of severe complications relating to her original hernia related surgery including a perforated bowel.

9. Plaintiff has incurred severe pain, discomfort, fear, stress, and harm related to the removal of the Patch. Plaintiff continues to suffer severe pain, discomfort, fear, stress, and harm related to the removal of the Patch.

## COUNT I – NEGLIGENCE

10. Plaintiff incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

11. Defendants knew or should have known, by the exercise of reasonable care or the application of reasonable, developed human skill and foresight, that: the Patch had a high risk of breakage, specifically that the "memory coil ring" upon being

subjected to stress after placement in the intra-abdominal space posed a risk of breakage, separation, tearing, and splitting, resulting in extreme harm and risk to patients.

12. Defendants owed, inter alia, to Plaintiff the following duties to Plaintiff:

(a) to exercise reasonable care in ensuring that the Patch was designed, constructed, and composed, in a manner that would not subject it to breakage, separation, tearing, and splitting, resulting in extreme harm and risk to patients;

(b) to exercise reasonable care in ensuring that the Patch would not result in injury or harm;

(c) to adequately warn Plaintiff and her treating physicians, of the risks of memory recoil ring breakage associated with the Patch.

13. Defendants breached said duties by the manner in which they studied, tested, designed, developed, manufactured, inspected, produced, advertised, marketed, promoted, distributed, and/or sold the Patch.

14. As a direct and proximate result of the aforesaid breaches, Plaintiff's Patch installed as part of hernia repair surgery, was caused to break, separate, tear, and split, resulting in extreme harm and risk to Plaintiff, and Defendants are liable to Plaintiff.

*WHEREFORE,* Plaintiff claims of Defendants compensatory damages, punitive damages, interest and allowable costs of suit.

**COUNT II – NEGLIGENCE *PER SE***

15. Plaintiff incorporates by reference all of the paragraphs of this Complaint as if fully set forth herein.

16. Defendants owed a duty to Plaintiff to adequately warn her, and her treating physicians, of the risks of breakage, separation, tearing, and splitting associated with the Patch, and the resulting extreme harm and risk to patients.

17. Defendants breached said duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Patch, including but not limited to N.J. Stat. Ann. § 56:8-1 *et. seq.* and N.J. Stat. Ann. § 2A: 58C-1; 58C-8.

18. As a direct and proximate result of the aforesaid breaches, the Patch utilized in Plaintiff's hernia repair surgery was caused to break, resulting in Plaintiff suffering much pain and harm, and Defendants are liable to Plaintiff.

*WHEREFORE*, Plaintiff claims of Defendants compensatory damages, punitive damages, interest and allowable costs of suit.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

20. Plaintiff suffered severe emotional distress, which was the direct and proximate result of Defendants extreme, outrageous, intentional, willful, and reckless conduct in studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of the Patch for hernia repair.

21. Plaintiff suffered severe emotional distress, which included but was not limited to severe and disabling emotional and physical distress, the direct and proximate

result of Defendants' extreme, outrageous, intentional, willful, and reckless conduct in failing to adequately and safely design and construct an effective and safe Patch for hernia repair, in complete and reckless disregard of safety to Plaintiff.

22. As a result of the foregoing, Defendants are liable to Plaintiff.

*WHEREFORE*, Plaintiff claims of Defendants, compensatory damages, punitive damages, interest and allowable costs of suit.

**COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

23. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

24. Plaintiff suffered severe emotional distress, which was the direct and proximate result of Defendants negligent conduct in studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of the Patch for hernia repair.

25. Plaintiff suffered severe emotional distress, which was the direct and proximate result of Defendants negligent conduct in failing to adequately and safely design and construct an effective and safe Patch for hernia repair.

26. As a result of the foregoing, Defendants are liable to Plaintiff.

*WHEREFORE*, Plaintiff claims of Defendants, compensatory damages, punitive damages, interest and allowable costs of suit.

**COUNT V - VIOLATION OF NEW JERSEY'S CONSUMER FRAUD ACT**
*(N.J. Stat. Ann. § 56:8-1 et. seq.)*

27. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

28. Defendants are merchants with respect to its studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Patches for hernia repair.

29. Defendants knowingly committed unfair and deceptive trade practices in its studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Patches for hernia repair.

30. Defendants knowingly committed unfair and deceptive trade practices in failing to adequately and safely design and construct an effective and safe Patch for hernia repair.

31. When Defendants were studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Patches for hernia repair, Defendants knew or reasonably should have known that some Patches were at risk, specifically that the "memory coil ring" upon being subjected to stress after placement in the intra-abdominal space, posed a significant risk of breakage, separation, tearing, and splitting, resulting in extreme harm and risk, even death to patients.

32. At no time prior to December 2005, did Defendants inform the FDA of its knowledge concerning the dangers of some adults who were being distributed such Patches for hernia repair.

33. At no time prior to December 2005 or prior to Plaintiff's hernia repair, did Defendants inform the public at large of its knowledge concerning the dangers to some adults who were being distributed such Patches for hernia repair.

34. Defendants also failed to give adequate warnings regarding the use and potential problems with such Patches used for hernia repair.

35. Defendants' actions complained of herein occurred in the conduct of trade or commerce, and all of the conduct alleged herein occurred in the course of Defendants' business.

*WHEREFORE*, Plaintiff claims of Defendants, compensatory damages, punitive damages, interest and allowable costs of suit.

**COUNT VI - VIOLATION OF NEW JERSEY'S PRODUCTS LIABILITY ACT**
*(N.J. Stat. Ann.. § 2A: 58C-1; 58C-8)*

36. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

37. Defendants were careless, negligent, breached their duties and obligations owed to plaintiff by various sections of the New Jersey's Product Liability Act, N.J.S.A. § 2A: 58C-1; 58C-8, and are liable for causing injuries to plaintiff for the following reasons:

a) selling a product in a defective condition;

b) selling a product which was unreasonably dangerous to the user;

c) failing to supply adequate warnings with the product;

d) failing to provide accurate and truthful instructions to be followed with regard to the utilization of this product;

e) selling a product which was not safe for its intended use;

f) selling a product which was lacking of one or more elements necessary to make it safe for its intended use;

g) manufacturing a product which was defective and which could

cause injury to the user;

h) designing a product which was defective and which could cause injury to the user;

i) distributing a product which was defective and could cause injuries to a user;

j) failing to see that ultimate users were advised of the dangers of said product;

k) failing to exercise reasonable care in the design of this product;

l) failing to exercise reasonable care in the marketing of this product;

m) failing to adequately and properly test said product;

n) failing to use reasonable care under the circumstances;

o) delivering a product which was defective and could cause injury to the user;

p) producing a product which was defective and could cause injury to the user;

q) producing a product with component parts that defendant knew or should have known increased the risk of harm to the user;

r) supplying a product which was defective and could cause injury to the user;

s) engaging in other acts regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Patches for hernia repair as will be learned in discovery;

t) failing to employ and adhere to a comprehensive and adequate and safe "memory coil ring" or similar ring that could withstand the stress of placement in the intra-abdominal space;

38. As a result of Defendants' violation of the New Jersey's Products Liability Act, Plaintiff was caused to sustain serious emotional and physical harms.

WHEREFORE, Plaintiff claims of Defendants, compensatory damages, punitive damages, interest and allowable costs of suit.

**COUNT VII – PUNITIVE DAMAGES UNDER THE NEW JERSEY PUNITIVE DAMAGES ACT**
(*N.J.S.A.* § 2A: 15-5.9; § 2A:15-5.12)

39. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

40. Defendants' actions as set forth above were intentional, wanton, willful and outrageous. Defendants were grossly negligent, and acted with reckless disregard of and with deliberate, callous and reckless indifference to the rights, interests, welfare and safety of Plaintiff and all others similarly situated.

41. Defendants' intentional, wanton, willful and outrageous actions consisted of, but are not limited to:

a. intentionally failing to conform to state and federal regulatory and statutory guidelines related to the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Patches for hernia repair;

b. intentionally failing to disclose that such Patches used for hernia repair, were subject to an increased risk of breakage, separation, tearing, and splitting, resulting in extreme harm and risk to patients;

42. By reason of the wanton, willful and outrageous conduct of Defendants, as aforesaid, Plaintiff was caused to sustain said physical and emotional injuries and harms.

43. By reason of the wanton, willful and outrageous conduct of Defendants pursuant to the Restatement of Torts, § 908(1) and the New Jersey Punitive Damages Act, N.J.S.A.§ 2A: 15-5.9; § 2A:15-5.12, Defendants are liable for punitive damages and relief as this Court deems just.

*WHEREFORE*, Plaintiff claims of Defendants, compensatory damages, punitive damages, interest and allowable costs of suit.

BY: ____________________

Harris L. Pogust, Esquire
Derek T. Braslow, Esquire
Robert N. Wilkey, Esquire
POGUST & BRASLOW, LLC
161 Washington Street
Suite 1520
Conshohocken, PA 19428

**DATED: December 10, 2007**

**JURY TRIAL DEMANDED**

Please take notice that the Plaintiff hereby demands a trial by jury as to all issues in the above matter.

BY: ______________________

Harris L. Pogust, Esquire
Derek T. Braslow, Esquire
Robert N. Wilkey, Esquire
POGUST & BRASLOW, LLC
161 Washington Street
Suite 1520
Conshohocken, PA 19428

Russell H. Rein, Esquire
Douglass A. Kreis, Esquire
Neil D. Overholtz, Esquire
Aylstock, Witkin, Kreis & Overholtz, P.L.L.C
803 North Palafox Street
Pensacola, FL 32501

**DATED: December 10, 2007**

PB P

161 Washington Street, Suite 1520
Conshohocken, PA 19428
Attn: Ashleigh Machak

CERTIFIED MAIL

7007 1490 0004 9551 0365

$8.5

received J. Daly 1/3/2008

Davol, Inc.
100 Sockanossett Crossroad
P.O. Box 8500
Cranston, RI 02920

HR

Quality

# EXHIBIT B

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
**-and-**
**SPRIGGS & HOLLINGSWORTH**
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol Inc.*
DC- 3417

| | |
|---|---|
| JOANNE GRACYK<br><br>Plaintiff,<br>v.<br><br>C.R. BARD, INC.<br><br>and<br><br>DAVOL INC.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY – LAW DIVISION UNION COUNTY<br><br>Docket No. UNN-L 2973-06<br><br>**NOTICE OF FILING OF REMOVAL** |

**TO:** Donald F. Phelan
Superior Court of New Jersey
CN-971
Trenton, New Jersey 08625

Clerk, Superior Court of New Jersey
Union County Courthouse
2 Broad Street
Elizabeth, New Jersey 07207

Derek T. Braslow, Esq.
Pogust & Braslow, LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428

**PLEASE TAKE NOTICE** that this action has been removed to the United States District Court for the District of New Jersey ("District Court") by the filing of the attached Notice of Removal with the Clerk of the District Court on January 7, 2008. A copy of this notice is on file with the District Court. The Superior Court, Law Division, Union County, New Jersey may proceed no further unless or until this case is remanded.

Respectfully submitted,

Date: January 7, 2008

______________________________

David J. Cooner

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
(973) 297-3960 (fax)

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC