IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOANNE GRACYK,

Plaintiff,

vs.

DAVOL, INC.,
A Rhode Island Corporation;
C.R. BARD, INC.,
a New Jersey Corporation;

Defendants.

NO.: 08cv00091

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff, Joanne Gracyk by and through her undersigned counsel, respectfully submits this Motion for Remand and Incorporated Memorandum of Law seeking proper remand of her action back to the Superior Court of New Jersey, Union County, and states as follows:

1. On December 10, 2007, Joanne Gracyk, filed product liability claims in **New Jersey state court** against Defendant Davol, Inc. and C.R. Bard, Inc., **a New Jersey corporation** (hereafter referred to collectively as "Defendants"), for harms suffered as the result of a defective Composix Kugel Mesh Patch (herein after "Patch").

2. Defendants removed the matter to this Court on January 7, 2008 urging that removal is proper under 28 U.S.C. § 1332 given the existence of complete diversity of citizenship among the Plaintiff and the Defendants, however, Defendants conveniently forgot to mention commonly recognized removal requirements under 28 U.S.C. § 1441(b).

3. Specifically, actions can be removed from state to federal court "**only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought**." 28 U.S.C. § 1441(b). [1]

4. Federal removal statutes are to be strictly construed and all doubts regarding removal are to be resolved in favor of remand. *Boyer v. Snap-on tools Corp.*, 913 F.2d 108, 111 (3d. Cir. 1990), *cert denied* 498 U.S. 1085 (1991) (citations omitted) (emphasis added). When removal is challenged through a motion to remand, the removing party bears the burden of establishing that federal subject matter jurisdiction exist so that removal is proper. *Shapiro*, at 1031 (citing *Batoff v. State Farm Ins. Co.*, 977 F. 2d 848, 851 (3d Cir. 1992)).

5. The motion speaks for itself and, therefore, no brief is necessary.

6. In conclusion, Plaintiff accordingly requests this Honorable Court grant her Motion to Remand.

BY: ______________________

Derek T. Braslow, Esquire
Robert N. Wilkey, Esquire
POGUST & BRASLOW, LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428
Telephone: 610-941-4204
rwilkey@pbmattorneys.com

Russell H. Rein, Esquire
Douglass A. Kreis, Esquire
Neil D. Overholtz, Esquire
Aylstock, Wtikin, Kreis & Overholtz, PLLC
803 N. Palafox St
Pensacola, FL 32501

**Dated: January 16, 2008**

**Attorneys for Plaintiff**

[1] There is no dispute that C.R. Bard, Inc. is a proper defendant and no dispute that C.R. Bard, Inc. is a New Jersey corporation. *See* Defendants' Notice of Removal.