**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

- and -

**SPRIGGS & HOLLINGSWORTH**
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800
*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(NEWARK VICINAGE)**

| | |
|---|---|
| **JOANNE GRACYK,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DAVOL INC. AND C.R. BARD, INC.**<br><br>**Defendants.** | Civil Action No.: 08-00091-DMC-MF |

**BRIEF OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC. IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

## TABLE OF CONTENTS

INTRODUCTION ........................................ 1

BACKGROUND ........................................ 1

ARGUMENT ........................................ 2

1. Diversity Jurisdiction Exists Because The Parties Are Completely Diverse And The Procedural Limitation In 28 U.S.C. § 1441(b) On Removal By An In-State Defendant Does Not Apply ........................................ 2

   A. This Case Was Properly Removed Pursuant to 28 U.S.C. § 1441(a). ........................................ 2

   B. The Plain Language of 28 U.S.C § 1441(b) Does Not Limit Removal Here Because Bard Was Not Properly "Joined and Served." ........................................ 3

CONCLUSION ........................................ 6

# TABLE OF AUTHORITIES

## CASES

*Adbul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001) .......... 4

*Buggs v. Ehrnschwender*, 968 F.2d 1544 (2d Cir. 1992) .......... 5

*Fields v. Organon USA, Inc.*, No. 07-2922 (SRC), 2007 WL. 4365312 (D.N.J. Dec. 12, 2007) .......... 4

*Frick v. Novartis Pharms. Corp., No. Civ. 05-5429*, 2006 WL. 454360 (D.N.J. Feb. 23, 2006) .......... 3, 4

*In re Bridgestone/Firestone, Inc.*, 184 F. Supp. 2d 826 (S.D. Ind. 2002) .......... 4

*Jaeger v. Schering Corp.*, No. 07-3465 (DMC), 2007 WL. 3170125 (D.N.J. Oct. 25, 2007) .......... 4

*Joanne Gracyk v. C.R. Bard, Inc. and Davol Inc..*, Docket No. UNN-L-4318-07 .......... 1, 2

*Maldonado v. Hartmann*, No. 4:07CV853 .......... 4

*McKinnis v. Hartford Life*, 217 F.R.D. 359 (E.D. Pa. 2003) .......... 3

*Mitchell v. Horn*, 318 F.3d 523 (3d Cir. 2003) .......... 4

*Newmark v. Principi*, 283 F.3d 172 (3d Cir. 2002) .......... 5

*Ott v. Consolidated Freightways Corp.*, 213 F. Supp. 2d 662 (S.D. Miss. 2002) .......... 4

*Pullman Co. v. Jenkins*, 305 U.S. 534 (1939) .......... 5

*Ripley v. Eon Laboratories Inc.*, No. 07-912, 2007 WL. 2406806 (D.N.J. Aug. 16, 2007) .......... 3, 4

*Thomson v. Novartis Pharms. Corp.*, No. 06-6280, 2007 WL. 1521138 (D.N.J. May 22, 2007) .......... 1, 3, 4

*Westmoreland Hospital Association v. Blue Cross of W. Pa.*, 605 F.2d 119 (3d Cir. 1979) .......... 5

*Windac Corp. v. Clarke*, 530 F. Supp. 812 (D. Neb. 1982) .......... 4

*Yocham v. Novartis Pharms. Corp.*, No. 07-1810, 2007 WL. 2318493 (D.N.J. Aug. 13, 2007) (Ex C) .......... 3

## FEDERAL STATUTES

28 U.S.C. § 1332(a) .......... 1

28 U.S.C. § 1441(a) .......... 1, 2

28 U.S.C. § 1441(b) .......... 1, 2, 3, 5

## INTRODUCTION

Defendants C.R. Bard, Inc. and Davol Inc. (hereinafter "Bard") through counsel, submit this brief in opposition to Plaintiffs' Motion to Remand this case to the Superior Court of New Jersey, Law Division, Union County. Bard properly removed this action to federal court on diversity grounds.

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because complete diversity exists between the parties and the amount in controversy exceeds $75,000. *See* Complaint ("Compl.") at ¶¶ 2-4. Accordingly, this case was removable unless Congress has expressly provided otherwise – which it has not. 28 U.S.C. § 1441(a). Plaintiff erroneously contends that because Bard is a citizen of New Jersey, the procedural limitation on the statutory right of removal set forth in 28 U.S.C. § 1441(b) precluded removal here. But § 1441(b) limits removability only where – unlike here – an in-state defendant has been "properly joined and served." *Id.*; *see also, e.g., Thomson v. Novartis Pharms. Corp.*, No. 06-6280, 2007 WL 1521138 (D.N.J. May 22, 2007) (attempted service did not constitute proper service as required "under [a] plain reading of § 1441(b)" to preclude removal by corporation of New Jersey citizenship) (Ex. A). Bard had not been "properly joined and served" with the Complaint at the time of removal so the limitation on removal contained in § 1441(b) was therefore not applicable by its plain terms and the Court should deny Plaintiff's Motion.

## BACKGROUND

On December 10, 2007, Plaintiff filed a lawsuit against Bard in the Superior Court of New Jersey, Union County, captioned, *Joanne Gracyk v. C.R. Bard, Inc. and Davol Inc..*, Docket No. UNN-L-4318-07, alleging she sustained personal injury as a result of having Bard's prescription medical device Composix® Kugel® Hernia Patch implanted in her to correct a hernia defect. (Compl. ¶¶ 7-9).

Pursuant to § 1441(a), Bard filed a Notice of Removal in this Court on January 7, 2008, asserting diversity jurisdiction. *See* (Ex. B). Bard also filed a Notice to State Court of Removal with the New Jersey Superior Court. *See id.* Plaintiff did not serve Bard until January 9, 2008. No further proceedings have occurred in the state court action.

## ARGUMENT

This Court should deny Plaintiff's Motion and retain jurisdiction over this action because this action was properly removed to federal court on diversity grounds.

### I. Diversity Jurisdiction Exists Because The Parties Are Completely Diverse And The Procedural Limitation In 28 U.S.C. § 1441(b) On Removal By An In-State Defendant Does Not Apply

#### A. This Case Was Properly Removed Pursuant to 28 U.S.C. § 1441(a).

Cases are removable under 28 U.S.C. § 1441(a) where "the district courts of the United States have original jurisdiction," unless "otherwise expressly provided by Act of Congress." Plaintiff cannot dispute that this case falls within this Court's original diversity jurisdiction. The parties are diverse and the amount in controversy exceeds $75,000. *See* Compl. ¶ 2-4. The case is, therefore, removable absent an express statutory limitation.

Plaintiff contends that 28 U.S.C. § 1441(b) precludes Bard from removing here because Bard is a citizen of New Jersey – the forum state. Plaintiff's motion does not discuss how § 1441(b) operates in this particular case and has no citation to the case law that has developed in this district on the exact situation presented by her remand motion. Both a plain reading of § 1441(b) and that case law establish that so long as Bard removed this case prior to being properly served with process, as it did, removal was proper.

**B. The Plain Language of 28 U.S.C § 1441(b) Does Not Limit Removal Here Because Bard Was Not Properly "Joined and Served."**

The relevant language in § 1441(b) provides that actions in which the parties are diverse "shall be removable only if none of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Accordingly, federal courts in this District and throughout the country have recognized that where complete diversity exists between the parties, § 1441(b) does not bar removal by a defendant in the forum state if that defendant was not *properly served* when the defendant filed its notice of removal. *See, e.g., Yocham v. Novartis Pharms. Corp.*, No. 07-1810, 2007 WL 2318493, (D.N.J. Aug. 13, 2007) (holding that "considerable case law" supports conclusion that the "language of § 1441(b) is unambiguous – removal is prohibited *only* where a defendant, who is a resident of the forum state, has been 'properly joined *and served*'") (emphasis in original) (Ex C); *Ripley v. Eon Labs Inc.*, No. 07-912, 2007 WL 2406806, (D.N.J. Aug. 16, 2007) (following "the learned judges in this District that have permitted removal under the circumstances" to deny remand where defendants had not been "properly joined and served") (Ex. D); *Thomson*, 2007 WL 1521138, (Section 1441(b) did not prevent local defendant who was not properly served at time of removal from removing case on diversity grounds, where plaintiffs made numerous, unsuccessful attempts to serve, including a visit in which plaintiffs' process server was told no one was available to accept service) (Ex. A); *Frick v. Novartis Pharms. Corp.*, No. Civ. 05-5429, 2006 WL 454360 (D.N.J. Feb. 23, 2006) (denying motion to remand where forum defendant had not been served at time of removal) (Ex. E); *see also McKinnis v. Hartford Life*, 217 F.R.D. 359 (E.D. Pa. 2003) (case removed prior to service being effectuated on any

defendant; noting that permits service after removal).[1] Indeed, in a case similar to the present one, *Jaeger v. Schering Corp.*, No. 07-3465 (DMC), 2007 WL 3170125 (D.N.J. Oct. 25, 2007) (Ex. H), this *very* court denied remand aptly remarking: "this Court must give effect to the literal interpretation [of 28 U.S.C. § 1441] in the absence of a contrary Congressional intent and reject Plaintiffs' attempt to ignore the plain language of the statute and circumvent Congress's express intention." *Id.* at *2.

Plaintiff has provided no justification to diverge from the above courts' reading of § 1441(b), which soundly flows from Third Circuit precedents regarding principles of statutory interpretation. *See Yocham.*, No. 07-1810, at **7-8 (citing *Thomson*); *Ripley*, 2007 WL 2406806, at *4 (D.N.J. Aug. 16, 2007) (citing *Adbul-Akbar v. McKelvie*, 239 F.3d 307, (3d Cir. 2001); *Thomson*, 2007 WL 1521138, at *3 (citing *Adbul-Akbar*, 239 F.3d at 313); *Frick*, 2006 WL 454360, at **2-3 (citing *Adbul-Akbar*, 239 F.3d at 313). Where a statute is plain and unambiguous on its face, courts must apply the statute as written unless that interpretation is shown to be contrary to the will of the legislature. *See, e.g., Mitchell v. Horn*, 318 F.3d 523, (3d Cir. 2003); *Frick*, 2006 WL 454360, at **2-3. In analyzing the plain meaning of § 1441(b), Congress's decision to insert the words "properly joined and served" into the statute in 1948 strongly supports giving them effect.[2] Indeed, Third Circuit precedent requires that all the words

---

[1] In construing § 1441(b), "courts have held, virtually uniformly, that where, as here, diversity does exist between the parties, an unserved resident defendant may be ignored in determining removability." *Ott v. Consol. Freightways Corp.*, 213 F. Supp. 2d 662, (S.D. Miss. 2002); *see also, e.g., Maldonado v. Hartmann*, No. 4:07CV853 CDP, 2007 WL 1862763, (E.D. Mo. June 28, 2007) (Section 1441(b) "only refers to local defendants who have been properly served at the time of removal") (Ex. F); *In re Bridgestone/Firestone, Inc.*, 184 F. Supp. 2d 826, 828 (S.D. Ind. 2002) (where complete diversity clearly existed, court held that "[s]ection 1441(b) would have precluded removal . . . only if [resident of forum state] had been properly served, and [since] it had not been served at the time Ford filed the removal petition," case was removable). *But see Fields v. Organon USA, Inc.*, No. 07-2922 (SRC), 2007 WL 4365312 (D.N.J. Dec. 12, 2007) (Ex. G).

[2] The predecessor statute to § 1441(b) prohibited removal of any case in which an in-state resident was named as a defendant. *See Windac Corp. v. Clarke*, 530 F. Supp. 812, 813 (D. Neb. 1982) ("Under the predecessor

in a statute must be given effect if at all possible. *See, e.g., Newmark v. Principi*, 283 F.3d 172, (3d Cir. 2002) ("[i]t is incumbent upon courts to read each statutory provision as having meaning, and to construe the statute so the 'meaning of each word inform[s] the others and 'all in their aggregate tak[e] their purport [sic] from the setting in which they are used.'") (citations omitted).

Section 1441(b)'s procedural limitation on the statutory right of removal applies to defendants properly served *at the time of removal*. *See Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, (3d Cir. 1979) ("the nature of plaintiffs' claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands At [sic] the time the petition for removal is filed") (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, (1939)).[3] Bard had not been "properly joined and served" with the Complaint at the time of removal. As a result, 28 U.S.C. § 1441(b)'s limitation on removal by forum defendants where diversity jurisdiction exists does not apply here. Bard's removal was therefore proper, and the Court should deny Plaintiff's motion for remand.

---

of the present 1441(b) the residence of any defendant in the state where the case was sought to be removed was adequate to defeat removal.").

3 Plaintiff must effectuate proper service upon defendants in all respects, notwithstanding whether defendants have actual notice of the lawsuit. *Buggs v. Ehrnschwender*, 968 F.2d 1544, (2d Cir. 1992) ("[S]ervice of process which does not strictly comply with specifically authorized statutory methods will not be upheld even if defendant subsequently receives the improperly served process and thereby learns that an action is pending against it.") (citations omitted). Plaintiff cannot avoid the requirements for service simply because defendants acquire notice of the claim.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand should be denied.

Dated: January 31, 2008

Respectfully submitted,

**DAVID J. COONER**

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
(973) 297-3960 (fax)

Of Counsel:
Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

# EXHIBIT A

Thomson v. Novartis Pharmaceuticals Corp.
D.N.J.,2007.
Only the Westlaw citation is currently available.Alan THOMSON, as administrator of the Estate of Hayley Thomson, Deceased, and In his own Right, and Dayna Thomson, Plaintiffs,
v.
NOVARTIS PHARMACEUTICALS, CORPORATION, Novartis Corporation, Novartis Pharma GMB, Novartis AG, Defendants.
**Civil No. 06-6280 (JBS).**

May 22, 2007.

Christopher A. Seeger, Esq., David R. Buchanan, Esq., SEEGER WEISS, LLP, Newark, NJ, for Plaintiffs.
James D. Hicks, Esq., Cynthia Kendrick, Esq., SPRIGGS & HOLLINGSWORTH, ESQS., Washington, D.C., Ethan Stein, Esq., GIBBONS P .C., Newark, NJ, for Novartis Pharmaceuticals, Corporation.

***OPINION***

SIMANDLE, District Judge.

*1 This matter is before the Court upon the motion of Plaintiffs Alan Thomson, as administrator of the Estate of Hayley Thomson, deceased, and in his own right, and Dayna Thomson (collectively, the "Plaintiffs") to remand this matter back to New Jersey Superior Court, Law Division, in Atlantic County. [Docket Item No. 9.] Plaintiffs move to remand based on two grounds (1) that the case was not properly removed pursuant to 28 U.S.C. § 1441 and (2) that the case was not properly removed based on federal question jurisdiction.

The principal issue to be decided is whether an in-state defendant who has not been served with process may remove a complaint, based upon diversity jurisdiction, in light of the prohibition in 28 U.S.C. § 1441(b) against removal of diversity cases where an in-state defendant has been "properly joined and served." For the reasons set forth below, this Court will deny Plaintiffs' motion for remand.

**I. *BACKGROUND***

Plaintiffs are Alan Thomson (both individually and as the administrator of the Estate of Hayley Thomson, deceased) and Dayna Thomson ("Plaintiffs"). All Plaintiffs are residents and citizens of Atlanta, Georgia.[FN1](Compl.¶¶ 6-8.) Defendants are (1) Novartis Pharmaceuticals Corporation ("NPC"), a Delaware corporation with a principal place of business in East Hanover, New Jersey, (2) Novartis Pharma GmbH, a German corporation doing business in New Jersey, (3) Novartis Corporation, a New York corporation with its principal place of business in Florham Park, New Jersey, and (4) Novartis AG, a Swiss corporation. (Compl.¶¶ 9-11.) NPC, Novartis Pharma GmbH, Novartis Corporation and Novartis AG shall be referred to collectively as the "Defendants."

> FN1. The Court notes that Plaintiffs' brief states that the Plaintiffs are residents of Pennsylvania but the Complaint states that the Plaintiffs are residents of Georgia. (Compl.¶¶ 6-8). The distinction is not relevant to the matter currently pending before the Court but this Court will follow what is in the Complaint rather than in Plaintiffs' brief and conclude that Plaintiffs are residents of Georgia.

Plaintiffs' Complaint states that Defendants designed, manufactured and distributed a topical immunosupressant called pimecrolimus which is marketed under the trademark, Elidel. (Compl.¶ 1-2, 19.) In 2003, Plaintiffs' child Hayley went to a physician for treatment of Hayley's dermatitis. The physician prescribed Elidel for Hayley's dermatitis and Plaintiffs applied Elidel to Hayley in accordance with the recommendations of her physician. (*Id.* ¶ 60.)Plaintiffs claim that as a direct result of the use and application of Elidel, Hayley suffered serious bodily injury, eventually being diagnosed with cancer (acute myelogenous leukemia) in February, 2004. (*Id.* ¶ 61.)On December 19, 2004, Hayley died from complications from her cancer caused, according to the Complaint, by her exposure to Elidel. (*Id* . ¶ 62.)

Plaintiffs bring an eight-count complaint alleging (1) products liability-failure to warn; (2) breach of express warranty; (3) violation of the New Jersey

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Consumer Fraud Act; (4) breach of implied warranty; (5) products liability-defective design; (6) punitive damages under common law; (7) wrongful death; and (8) a survival action.FN2 Plaintiffs filed this action in Superior Court of New Jersey, Atlantic County on December 19, 2006. (Certification of David R. Buchanan, Ex. 1.) Plaintiffs submit an affidavit stating that they attempted to serve NPC on December 22, 2006 but that NPC's office was closed. (Buchanan Cert., Ex. 2.) FN3 Plaintiffs state that they attempted service on four other occasion-on December 26, 27, 28 and 29-but that Plaintiffs' process server was told each time that nobody was present to accept service on behalf of NPC. (*Id.*)No one was present to accept service on NPC's behalf due to the fact that NPC was closed for the holidays from 2:00 p.m. on December 22, 2006 through January 2, 2007. (Affidavit of Cynthia L. Kendrick, Esq. ¶ 8, Ex. A.) Security personnel were the only personnel present during the holiday closing and the remainder of NPC, including the legal department, was closed. (*Id.* ¶ 9.)

FN2. Plaintiffs' Complaint is misnumbered as it does not include a Count V. The Complaint goes directly from Count IV to Count VI.

FN3. Plaintiffs' exhibits are not properly organized. The affidavit referred to here is the last page of Exhibit 1. There is no Exhibit 2 in Plaintiffs' briefing papers.

*2 On December 29, 2006, before being served with process, NPC removed this case to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446. In an affidavit submitted to the Court after oral argument (upon the Court's request), outside counsel for NPC (Spriggs and Hollingsworth, Esqs.) stated through Cynthia Kendrick, Esquire, that they first received notice that the Complaint had been filed on December 19, 2006 and received a copy of the Complaint on December 28, 2006 from a private docketing service. (Kendrick Aff. ¶ 3, 4.) Counsel for NPC then drafted removal papers on December 28 and 29 and filed the papers with this Court on December 29, 2006. (*Id.* ¶ 6.) Counsel states that at no time prior to filing the removal papers did she know about Plaintiffs' attempts to serve NPC. (*Id.* ¶ 7.) Finally, on January 2, 2007, the first day NPC reopened after the holidays, NPC accepted service of the Complaint. (Buchanan Cert., Ex. 3; Kendrick Aff. ¶ 10.)

Defendant NPC's notice of removal, filed in this Court before NPC or any other defendant was served with process, asserts that this Court's jurisdiction is premised upon both diversity of citizenship under 28 U.S.C. § 1332 and federal question under 28 U.S.C. § 1331 arising from the alleged preemption of such claims by the Food, Drug and Cosmetic Act. Plaintiffs now file this motion for remand, arguing (1) that removal of this matter was improper and the case should be remanded to New Jersey Superior Court, and (2) the Court should award Plaintiffs attorney's fee Plaintiffs incurred in connection with NPC's improper removal.

## II. *PLAINTIFFS' MOTION TO REMAND*

In addressing Plaintiffs' motion to remand, the Court must address two issues (1) whether this action was properly removed under 28 U.S.C. § 1441(b) and (2) whether removal was proper on federal question grounds. The Court will first address whether removal was proper under § 1441(b) and the "joined and served" requirement.

Civil actions brought in a state court may generally be removed to district court if the district court has original jurisdiction. *See*28 U.S.C. § 1441(a). Thus, an action based on state law (such as the present case) is removable to federal court when (1) the district court would have original diversity jurisdiction (because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the plaintiffs and defendants), *see*28 U.S.C. § 1332, and (2) when none of the parties properly joined and served at the time of the removal are residents of the forum state. *See*28 U.S.C. § 1441(b). Indeed, it is this second requirement-that an action is "removable only if none of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought"-that is central to the matter before the Court. 28 U.S.C. § 1441(b)(emphasis aded).

In the Third Circuit, the removing party bears the burden of demonstrating that removal was proper. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990); *Frick v. Novartis Pharm., Corp.*, No. 05-5429, 2006 U.S. Dist. LEXIS 9178, *2 (D.N.J. Feb. 22, 2006)."Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand ."*Batoff v. State Farm*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Ins. Co., 977 F.2d 848, 851 (3d Cir.1992)(quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1012 n. 6 (3d Cir.1987)); *see also* Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir.2004). Therefore, "a district court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff."*Boyer*, 913 F.2d at 111.

*3 Plaintiffs move pursuant to 28 U.S.C. § 1447(c) to remand this case to New Jersey Superior Court. Plaintiffs contend that because NPC is a resident of New Jersey, the forum state, removal is not permitted under § 1441(b). According to Plaintiffs the purpose of the "joined and served" requirement of § 1441(b) is to prevent a plaintiff from blocking removal of a matter by joining a defendant resident party whom it does not even serve. (Pl.'s Br. at 3 citing *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F.Supp.2d 177, 181 (S.D.N.Y.2003)). This requirement, according to Plaintiffs, does not take effect until the plaintiff has served at least one defendant in the litigation, and allowing forum defendants (like NPC) to remove actions in diversity prior to service would "essentially remove the 'joined and served' requirement from § 1441(b)."(*Id.* at 4.)

Plaintiffs argue that this Court should follow the holding of *Holmstrom v. Harad*, No. 05-2714, 2005 U.S. Dist. LEXIS 16694 (N.D.Ill. Aug. 11, 2005). In *Holmstrom*, the district court addressed the issue of "whether, under § 1441(b), the citizenship of a forum defendant defeats removal when, prior to removal, no defendant has been served or otherwise appeared."*Id.* at *4. The *Holmstrom* plaintiff filed a shareholder derivative suit against twenty-eight officers and directors in Illinois state court. *Id.* at *2. Two of the twenty-eight defendants were Illinois residents. *Id.* Prior to service on any defendant, one of the non-forum defendants removed the action to U.S. District Court for the Northern District of Illinois. *Id.* Plaintiffs moved for remand and the district court granted the motion stating that the presence of the forum defendants defeated the attempts to remove and that the "joined and served" requirement does not apply when no defendant has been served or otherwise appeared. *Id.* at *7. Plaintiffs argue here that, as in *Holmstrom*, Plaintiffs made numerous attempts to serve NPC but were unsuccessful, including a visit to NPC's office on December 29, 2006 in which Plaintiffs' process server was told that no one was available to accept service until January 2, 2007. Therefore, the "joined and served" requirement does not apply.[FN4]

FN4. Plaintiffs also articulate policy reasons that support their position, stating that "large corporate defendants ... could easily monitor court dockets and immediately remove diversity cases prior to service ... [enabling them] to prevent any plaintiff from pursuing a state court action against them."Removal of such actions would be particularly easy in New Jersey, according to Plaintiffs, due to New Jersey's requirement that a plaintiff obtain a track assignment number (which can be issued ten days from filing of the complaint) prior to serving the complaint and "creates a window during which a New Jersey defendant can remove a case prior to service, thereby escaping the removal limitation of § 1441(b)" and eliminates any time period allotted for a plaintiff to serve the complaint. *See*N.J.R. 4:5A-2(a).

NPC opposes the motion to remand, arguing that it had not been served at the time it removed this matter and therefore is not precluded from removing under § 1441(b). According to NPC, this case falls within the Court's original jurisdiction (based on diversity) and therefore was properly removed. According to NPC, a plain reading of § 1441(b), supported by substantial authority, establishes that, so long as NPC removed this case prior to being served with process, removal was proper. *See Stan Winston Creatures, Inc.*, 314 F.Supp.2d at 180;*Frick v. Novartis Pharm. Corp.*, 2006 U.S. Dist. LEXIS 9178, at *6 (where NPC was not properly joined and served at the time it file its notice of removal, the defendant was entitled to removal under the plain language of the statute.) NPC also argues that, under Third Circuit precedent, this Court must give effect to the plain reading of § 1441(b) unless the result would be "demonstrably at odds" with Congressional intent or creates such a "bizarre" outcome "that Congress could not have intended it."*Mitchell v. Horn*, 318 F.3d 523, 535 (3d Cir.2003).

*4 The Court agrees with NPC and will deny Plaintiffs' motion for remand as the plain reading of § 1441(b) and a straightforward application of it in this case warrants denial of Plaintiffs' motion. The Third Circuit has held that, when dealing with issues of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

statutory construction, this Court's task is to

give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive. If the language of the statute is plain, the sole function of the court is to enforce the statute according to its terms. The plain meaning is conclusive, therefore, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.

*Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir.2001) (internal quotations and citations omitted); *Frick*,2006 U.S. Dist. LEXIS 9178, at *6-7. This language is unambiguous-removal is prohibited only where a defendant, who is a resident of the forum state, has been "properly joined *and served*." 28 U.S.C. § 1441(b). Here, at the time NPC removed this case to this Court (December 29, 2006), NPC had yet to be served (January 2, 2007). Moreover, there is no evidence that NPC was actively avoiding service-rather, because NPC was closed for the holidays between December 22, 2006 and January 2, 2007, there was no one at the NPC campus authorized to accept service. (Kendrick Aff. ¶¶ 7-8.) As such, under the plain reading of § 1441(b), removal was not prohibited because NPC (a resident of the forum state) had not been served when it removed this case to this Court.[FN5]

FN5. Moreover, if a plaintiff were concerned that a corporate defendant could avoid service of process, plaintiff could instead serve the designated corporate agent in the state, as permitted by N .J. Court Rules, R. 4:4-4(a)(6).

This conclusion is supported by considerable case law from this District and others. *See Frick*, 2006 U.S. Dist. LEXIS 9178, at *7 ("[W]e find that the language of the statute is unambiguous"); *Stan Winston Creatures, Inc.*, 314 F.Supp.2d at 180 ("[T]he language of § 1441(b) makes plain that its prohibition on removal applies only where a defendant who has been 'properly joined and served' is a resident of the forum state"); *Ott v. Consol. Freightway Corp.*, 213 F.Supp.2d 662, 665 (S.D.Miss.2002))("In accordance with [the § 1441(b) ] language ..., courts have held, virtually uniformly, that where, as here, [complete] diversity does exist between the parties, an unserved resident defendant may be ignored in determining removability"); *see also*14B Wright, Miller & Cooper, *Federal Practice and Procedure* § 3723 at 642 (3d ed. 1998)("The language of Section 1441(b)... implies that a resident defendant who has not been served may be ignored in determining removability"); *Massey v. Cassens & Sons, Inc.*, No. 05-598, 2006 U.S. Dist. LEXIS 9675, *10-11 (S.D.Ill. Feb. 16, 2006).

Plaintiffs do raise colorable policy arguments that it is unjust that a properly joined defendant could monitor state court dockets and remove cases prior to being served, and that it makes little sense to provide a federal forum to an in-state defendant upon removal of a diversity case, since state courts are certainly as adept as federal courts in applying state law. However, these arguments alone are insufficient to overcome the requirement that this Court give meaning to the plain language of the statute. Congress plainly intended to require service of the complaint, and not just proper joinder, to trigger the preclusion of removal by the forum resident defendant in a diversity case, and it did so by including the phrase "properly joined and served" so that a plaintiff could not frustrate removal of a diversity case by refraining from serving the resident defendant. To adopt plaintiff's arguments here would read the words "and served" out of the statute. Thus, Plaintiffs have not convinced the Court that permitting removal prior to the time of service would be "demonstrably at odds" with Congressional intent or create such a "bizarre" outcome "that Congress could not have intended it."*Mitchell*, 318 F.3d at 535.[FN6]

FN6. Because the Court will deny Plaintiffs' motion to remand on the grounds that removal was proper under § 1441(a) and (b), this Court need not address the issue of whether removal was proper on federal question grounds.

### III. *PLAINTIFFS' REQUEST FOR FEES AND COST*

*5 Plaintiffs also request that this Court award it costs and fees pursuant to 28 U.S.C. § 1447(c).Section 1447(c) provides in pertinent part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."The statute gives this Court broad discretion to determine when such an award is appropriate. *See Mints v. Educ. Testing Service*, 99

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

F.3d 1253, 1260 (3d Cir.1996); *Newton v. Tavani*, 962 F.Supp. 45, 48 (D.N.J .1997). Here, because this Court will not remand the case to state court, Plaintiffs' motion for costs and fees incurred as a result of removal will be denied.

**IV. *CONCLUSION***

For the reasons discussed above, the Court will deny Plaintiffs' motion to remand this action to New Jersey Superior Court. The accompanying Order shall be entered.

***ORDER***

This matter having come before the Court upon Plaintiffs' motion to remand; and the Court having considered the parties' submissions in support thereof and opposition thereto; and the Court having heard oral argument on the motion on April 13, 2007 and having received supplemental defense submissions in the form of an affidavit, and for the reasons stated in the Opinion of today's date; and for good cause shown;

**IT IS** this ***22nd*** day of **May, 2007** hereby

**ORDERED** that the motion of Plaintiffs to remand [Docket Item No. 9] shall be, and hereby is, ***DENIED.***

D.N.J.,2007.
Thomson v. Novartis Pharmaceuticals Corp.
Slip Copy, 2007 WL 1521138 (D.N.J.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
**-and-**
**SPRIGGS & HOLLINGSWORTH**
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOANNE GRACYK, | ) |
| | ) Removed from: |
| Plaintiff, | ) Superior Court of New Jersey |
| | ) Law Division -- Union County |
| v. | ) Docket No. UNN-L-004318-07 |
| | ) |
| DAVOL INC., a Rhode Island corporation; | ) Civ. Action No. ______________ |
| C. R. BARD, INC., a New Jersey corporation, | ) |
| | ) **NOTICE OF REMOVAL AND** |
| Defendants. | ) **COPIES OF ALL PROCESS AND** |
| | ) **PLEADINGS** |
| | ) |
| | ) |
| | ) |

Defendants C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol"), by their undersigned counsel, hereby remove the above-captioned matter from the Superior Court, Law Division, Union County, New Jersey, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. In support of removal, Bard and Davol respectfully state:

1. Plaintiff filed this action in the Superior Court, Law Division, Union County, New Jersey, on December 18, 2007. Davol was served on or after December 26, 2007.[1] Bard has not been served.

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Bard and Davol have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(b) & (c).

## I. Bard and Davol Have Satisfied the Procedural Requirements for Removal

3. Removal is timely. Davol was served with a copy of the Complaint on or after December 26, 2007. *See* Ex. A (copy of all process, pleadings, and orders served upon Davol, including the summons and complaint). Bard has not been served in this matter. This Notice of Removal is being filed within 30 days of the first date on which Davol, the only properly joined and served party, may have received a copy of the Complaint through service, and so is timely pursuant to 28 U.S.C. § 1446(b).

4. This Notice is being filed within 30 days after Bard's first receipt of a copy of the initial pleading setting forth the claim for relief upon which the action is based, as required by 28 U.S.C. § 1446(b).

5. No further proceedings have been had in the state court action.

6. No previous application has been made for the relief requested herein.

[1] Plaintiffs mailed a copy of the summons and complaint to "Davol, Inc." by certified mail. Plaintiffs did not address the package to an officer, general manager, or registered agent of Davol, and at this time Davol does not know on what date (if ever) an officer, general manager, or registered agent at Davol saw the summons and complaint. As this notice of removal is filed within 30 days of December 26, however, analysis of these issues is not necessary.

7. A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Ex. B and is being filed in the Superior Court, Law Division, Union County, New Jersey and served on Plaintiff.

**II. Removal is Proper in This Case**

8. The Complaint states that Plaintiff is a resident of the State of Ohio. *See* Compl. ¶ 2.

9. Davol is, and has been at all relevant times, a corporation incorporated under the law of the State of Rhode Island with its principal place of business in Rhode Island as well. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Davol is not a citizen of the State of Ohio.

10. Bard is, and has been at all relevant times, a corporation incorporated under the law of the State of New Jersey with its principal place of business in New Jersey as well. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Bard is not a citizen of the State of Ohio.

11. Plaintiff alleges that she suffered injuries as a result of treatment with Davol's prescription medical device the Composix ® Kugel Patch. The Complaint seeks compensatory and punitive damages, together with attorneys' fees and all such other relief as the Court deems necessary. Based on other cases making similar allegations, plaintiffs' Complaint clearly seeks damages in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). In fact, a number of suits alleging similar claims and seeking similar damages have been filed in other federal courts asserting jurisdiction under § 1332(a). Pursuant to 28 U.S.C. § 1407, these cases have been or will be consolidated in a multidistrict litigation captioned *In Re: Kugel Hernia*

*Mesh Patch Products Liability Litigation*, No. MDL 1842, now pending in the United States District Court for the District of Rhode Island.

12. Defendants Bard and Davol may, therefore, properly remove this action pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Bard and Davol respectfully removes this action from the Superior Court, Law Division, Union County, New Jersey to this Court pursuant to 28 U.S.C. § 1441.

Date: January 7, 2008

Respectfully submitted,

DJC

David J. Cooner

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
(973) 297-3960 (fax)

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

# EXHIBIT A

UNION COUNTY SUPERIOR COURT
2 BROAD STREET
ELIZABETH NJ 07207

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (908) 659-4178
COURT HOURS

DATE: DECEMBER 16, 2007
RE: GRACYK VS C R BARD INC ET AL
DOCKET: UNN L -004316 07

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 3.

DISCOVERY IS 450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON ROSS R. ANZALDI

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 002 AT: (908) 659-4178.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: HARRIS L. POGUST
CUNEO POGUST MASON
161 WASHINGTON STREET
SUITE 1520
CONSHOHOCKEN PA 19428

JUTAW4

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

FOR USE BY CLERK'S OFFICE ONLY
PAYMENT TYPE: CK CG CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

ATTORNEY/PRO SE NAME: Harris L. Pogust, Esquire
TELEPHONE NUMBER: (610) 941-4204
COUNTY OF VENUE: Union
DOCKET NUMBER (when available): UNN-L-4318-07
FIRM NAME (if applicable): Pogust & Braslow, LLC
OFFICE ADDRESS: 151 Washington Street, Suite 1520, Conshohocken, PA 19428
DOCUMENT TYPE: Complaint
JURY DEMAND: ☒ YES ☐ NO

NAME OF PARTY (e.g., John Doe, Plaintiff): Joanne Gracyk, Plaintiff
CAPTION: Joanne Gracyk v. C.R. Bard, Inc. and Davol, Inc.

CASE TYPE NUMBER (See reverse side for listing): 606
IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING? ☐ YES ☒ NO
IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ NO
NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN ☐ NONE ☒ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ☒ NO
IF YES, IS THAT RELATIONSHIP ☐ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☒ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

WILL AN INTERPRETER BE NEEDED? ☐ YES ☒ NO
IF YES, FOR WHAT LANGUAGE:

ATTORNEY SIGNATURE: [signature]

Revised effective 9/1/2007, CN 10517-English

**POGUST & BRASLOW, LLC**
**BY: Harris L. Pogust, Esq.**
**Derek T. Braslow, Esq.**
**Robert N. Wilkey, Esq.**
Eight Tower Bridge
161 Washington Street, Suite 1520
Conshohocken, PA 19428
(610) 941-4204 Ph.
*Attorneys for Plaintiff*

| | |
|---|---|
| **JOANNE GRACYK**<br>5544 Fleet Road<br>Toledo, Ohio 43615<br><br>**Plaintiff,**<br><br>**C.R. BARD, INC.**<br>730 Central Avenue<br>Murray Hill, New Jersey, 07974<br><br>**AND**<br><br>**DAVOL, INC.**<br>100 Sockanossett Crossroad<br>P.O. Box 8500<br>Cranston, RI 02920<br>**Defendants.** | **SUPERIOR COURT OF NEW JERSEY**<br><br>**UNION COUNTY – LAW DIVISION**<br><br>**Docket No.**<br><br>**Civil Action** UNN-L- 4318-07<br><br>**SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Theodore J. Fetter
Acting Clerk of the Superior Court

DATED:

Name of Defendant to Be Served:

Address of Defendant to Be Served:

**POGUST & BRASLOW, LLC**
**Harris L. Pogust, Esq.**
**Derek T. Braslow, Esq.**
**Robert N. Wilkey, Esq.**
**Eight Tower Bridge**
**161 Washington Street, Suite 1520**
**Conshohocken, PA 19428**
**(610) 941-4204 Ph.**
**(610) 941-4245 Fax**
**Attorneys for Plaintiff**

| | |
|---|---|
| **JOANNE GRACYK**<br>5544 Fleet Road<br>Toledo, Ohio 43615<br><br>**Plaintiff,**<br><br>**C.R. BARD, INC.**<br>730 Central Avenue<br>Murray Hill, New Jersey, 07974<br><br>**AND**<br><br>**DAVOL, INC.**<br>100 Sockanossett Crossroad<br>P.O. Box 8500<br>Cranston, RI 02920<br>**Defendants.** | **SUPERIOR COURT OF NEW JERSEY**<br><br>**UNION COUNTY – LAW DIVISION**<br><br>**Docket No.**<br><br>**Civil Action** UNN-L-4318-07<br><br>**COMPLAINT AND JURY DEMAND** |

**COMPLAINT**

Plaintiff Joanne Gracyk ("Plaintiff"), residing at 5544 Fleet Road, Toledo, Ohio 43615, by her attorneys, POGUST & BRASLOW, LLC, as and for the Verified Complaint herein allege upon information and belief the following:

**NATURE OF ACTION**

1. Plaintiff brings this action on behalf of herself for harms suffered as a patient, recipient, user, consumer of a defective Composix Kugel Mesh Patch product

Case 2:08-cv-00091-DMC-MF Document 1 Filed 01/07/2008 Page 11 of 25

(hereinafter "Patch"), designed, manufactured, produced, and distributed by Davol, Inc., (hereinafter "Davol") a wholly owned subsidiary of C.R. Bard, Inc. (hereinafter "C.R. Bard.").

PARTIES

2. At all time relevant herein, Plaintiff was a resident of the State of Ohio and currently resides in Ohio.

3. Defendant Davol is a wholly owned subsidiary of C.R. Bard with its principal office and place of business at 100 Sockanosset Crossroad, P.O. Box 8500, Cranston, Rhode Island, 02920. Davol at all times relevant developed, produced, sold, and distributed hernia repair related products including but not limited to, the Patch, throughout the United States and the world and does substantial and continuing business in the State of New Jersey. Upon information and belief, Davol is licensed and registered to do business in New Jersey and obtained the benefits of the laws of New Jersey and profited from New Jersey commerce.

4. Defendant C.R. Bard is a New Jersey corporation with its principal office and places of business at 730 Central Avenue, Murray Hill, New Jersey, 07974, and at all times relevant developed, produced, sold, and distributed hernia repair related products including but not limited to, the Patch, throughout the United States and the world and does substantial and continuing business in the State of New Jersey. Upon information and belief, C.R. Bard is licensed and registered to do business in New Jersey and obtained the benefits of the laws of New Jersey and profited from New Jersey commerce.

## FACTS

5. Plaintiff was born on May 1, 1951.

6. On or about December 22, 2005, Defendants by way of the Federal Drug Administration ("FDA"), initiated a Class I recall for certain Patches which upon information and belief did not include the Patch surgically used in Plaintiff's hernia repair surgery.

7. On or about December 23, 2005 Plaintiff underwent hernia repair surgery which involved, employed, utilized, and otherwise consisted of surgically using the Patch.

8. On or about January 4, 2006, Plaintiff was re-admitted to the hospital as a result of severe complications relating to her original hernia related surgery including a perforated bowel.

9. Plaintiff has incurred severe pain, discomfort, fear, stress, and harm related to the removal of the Patch. Plaintiff continues to suffer severe pain, discomfort, fear, stress, and harm related to the removal of the Patch.

## COUNT I – NEGLIGENCE

10. Plaintiff incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

11. Defendants knew or should have known, by the exercise of reasonable care or the application of reasonable, developed human skill and foresight, that: the Patch had a high risk of breakage, specifically that the "memory coil ring" upon being

subjected to stress after placement in the intra-abdominal space posed a risk of breakage, separation, tearing, and splitting, resulting in extreme harm and risk to patients.

12. Defendants owed, inter alia, to Plaintiff the following duties to Plaintiff:

(a) to exercise reasonable care in ensuring that the Patch was designed, constructed, and composed, in a manner that would not subject it to breakage, separation, tearing, and splitting, resulting in extreme harm and risk to patients;

(b) to exercise reasonable care in ensuring that the Patch would not result in injury or harm;

(c) to adequately warn Plaintiff and her treating physicians, of the risks of memory recoil ring breakage associated with the Patch.

13. Defendants breached said duties by the manner in which they studied, tested, designed, developed, manufactured, inspected, produced, advertised, marketed, promoted, distributed, and/or sold the Patch.

14. As a direct and proximate result of the aforesaid breaches, Plaintiff's Patch installed as part of hernia repair surgery, was caused to break, separate, tear, and split, resulting in extreme harm and risk to Plaintiff, and Defendants are liable to Plaintiff.

*WHEREFORE*, Plaintiff claims of Defendants compensatory damages, punitive damages, interest and allowable costs of suit.

## COUNT II – NEGLIGENCE *PER SE*

15. Plaintiff incorporates by reference all of the paragraphs of this Complaint as if fully set forth herein.

16. Defendants owed a duty to Plaintiff to adequately warn her, and her treating physicians, of the risks of breakage, separation, tearing, and splitting associated with the Patch, and the resulting extreme harm and risk to patients.

17. Defendants breached said duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Patch, including but not limited to N.J. Stat. Ann. § 56:8-1 *et. seq.* and N.J. Stat. Ann. § 2A: 58C-1; 58C-8.

18. As a direct and proximate result of the aforesaid breaches, the Patch utilized in Plaintiff's hernia repair surgery was caused to break, resulting in Plaintiff suffering much pain and harm, and Defendants are liable to Plaintiff.

*WHEREFORE,* Plaintiff claims of Defendants compensatory damages, punitive damages, interest and allowable costs of suit.

**COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

19. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

20. Plaintiff suffered severe emotional distress, which was the direct and proximate result of Defendants extreme, outrageous, intentional, willful, and reckless conduct in studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of the Patch for hernia repair.

21. Plaintiff suffered severe emotional distress, which included but was not limited to severe and disabling emotional and physical distress, the direct and proximate

result of Defendants' extreme, outrageous, intentional, willful, and reckless conduct in failing to adequately and safely design and construct an effective and safe Patch for hernia repair, in complete and reckless disregard of safety to Plaintiff.

22. As a result of the foregoing, Defendants are liable to Plaintiff.

*WHEREFORE*, Plaintiff claims of Defendants, compensatory damages, punitive damages, interest and allowable costs of suit.

**COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

23. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

24. Plaintiff suffered severe emotional distress, which was the direct and proximate result of Defendants negligent conduct in studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of the Patch for hernia repair.

25. Plaintiff suffered severe emotional distress, which was the direct and proximate result of Defendants negligent conduct in failing to adequately and safely design and construct an effective and safe Patch for hernia repair.

26. As a result of the foregoing, Defendants are liable to Plaintiff.

*WHEREFORE*, Plaintiff claims of Defendants, compensatory damages, punitive damages, interest and allowable costs of suit.

**COUNT V - VIOLATION OF NEW JERSEY'S CONSUMER FRAUD ACT**
*(N.J. Stat. Ann. § 56:8-1 et. seq.)*

27. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

28. Defendants are merchants with respect to its studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Patches for hernia repair.

29. Defendants knowingly committed unfair and deceptive trade practices in its studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Patches for hernia repair.

30. Defendants knowingly committed unfair and deceptive trade practices in failing to adequately and safely design and construct an effective and safe Patch for hernia repair.

31. When Defendants were studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Patches for hernia repair, Defendants knew or reasonably should have known that some Patches were at risk, specifically that the "memory coil ring" upon being subjected to stress after placement in the intra-abdominal space, posed a significant risk of breakage, separation, tearing, and splitting, resulting in extreme harm and risk, even death to patients.

32. At no time prior to December 2005, did Defendants inform the FDA of its knowledge concerning the dangers of some adults who were being distributed such Patches for hernia repair.

33. At no time prior to December 2005 or prior to Plaintiff's hernia repair, did Defendants inform the public at large of its knowledge concerning the dangers to some adults who were being distributed such Patches for hernia repair.

Case 2:08-cv-00091-DMC-MF Document 1 Filed 01/07/2008 Page 17 of 25

34. Defendants also failed to give adequate warnings regarding the use and potential problems with such Patches used for hernia repair.

35. Defendants' actions complained of herein occurred in the conduct of trade or commerce, and all of the conduct alleged herein occurred in the course of Defendants' business.

*WHEREFORE*, Plaintiff claims of Defendants, compensatory damages, punitive damages, interest and allowable costs of suit.

**COUNT VI - VIOLATION OF NEW JERSEY'S PRODUCTS LIABILITY ACT**
*(N.J. Stat. Ann.. § 2A: 58C-1; 58C-8)*

36. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

37. Defendants were careless, negligent, breached their duties and obligations owed to plaintiff by various sections of the New Jersey's Product Liability Act, N.J.S.A. § 2A: 58C-1; 58C-8, and are liable for causing injuries to plaintiff for the following reasons:

a) selling a product in a defective condition;

b) selling a product which was unreasonably dangerous to the user;

c) failing to supply adequate warnings with the product;

d) failing to provide accurate and truthful instructions to be followed with regard to the utilization of this product;

e) selling a product which was not safe for its intended use;

f) selling a product which was lacking of one or more elements necessary to make it safe for its intended use;

g) manufacturing a product which was defective and which could

cause injury to the user;

h) designing a product which was defective and which could cause injury to the user;

i) distributing a product which was defective and could cause injuries to a user;

j) failing to see that ultimate users were advised of the dangers of said product;

k) failing to exercise reasonable care in the design of this product;

l) failing to exercise reasonable care in the marketing of this product;

m) failing to adequately and properly test said product;

n) failing to use reasonable care under the circumstances;

o) delivering a product which was defective and could cause injury to the user;

p) producing a product which was defective and could cause injury to the user;

q) producing a product with component parts that defendant knew or should have known increased the risk of harm to the user;

r) supplying a product which was defective and could cause injury to the user;

s) engaging in other acts regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Patches for hernia repair as will be learned in discovery;

f) failing to employ and adhere to a comprehensive and adequate and safe "memory coil ring" or similar ring that could withstand the stress of placement in the intra-abdominal space;

38. As a result of Defendants' violation of the New Jersey's Products Liability Act, Plaintiff was caused to sustain serious emotional and physical harms.

WHEREFORE, Plaintiff claims of Defendants, compensatory damages, punitive damages, interest and allowable costs of suit.

**COUNT VII – PUNITIVE DAMAGES UNDER THE NEW JERSEY PUNITIVE DAMAGES ACT**
***(N.J.S.A.* § 2A: 15-5.9; § 2A:15-5.12)**

39. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

40. Defendants' actions as set forth above were intentional, wanton, willful and outrageous. Defendants were grossly negligent, and acted with reckless disregard of and with deliberate, callous and reckless indifference to the rights, interests, welfare and safety of Plaintiff and all others similarly situated.

41. Defendants' intentional, wanton, willful and outrageous actions consisted of, but are not limited to:

a. intentionally failing to conform to state and federal regulatory and statutory guidelines related to the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Patches for hernia repair;

b. intentionally failing to disclose that such Patches used for hernia repair, were subject to an increased risk of breakage, separation, tearing, and splitting, resulting in extreme harm and risk to patients;

42. By reason of the wanton, willful and outrageous conduct of Defendants, as aforesaid, Plaintiff was caused to sustain said physical and emotional injuries and harms.

43. By reason of the wanton, willful and outrageous conduct of Defendants pursuant to the Restatement of Torts, § 908(1) and the New Jersey Punitive Damages Act, N.J.S.A.§ 2A: 15-5.9; § 2A:15-5.12, Defendants are liable for punitive damages and relief as this Court deems just.

*WHEREFORE*, Plaintiff claims of Defendants, compensatory damages, punitive damages, interest and allowable costs of suit.

BY: ____________________

Harris L. Pogust, Esquire
Derek T. Braslow, Esquire
Robert N. Wilkey, Esquire
POGUST & BRASLOW, LLC
161 Washington Street
Suite 1520
Conshohocken, PA 19428

DATED: December 10, 2007

**JURY TRIAL DEMANDED**

Please take notice that the Plaintiff hereby demands a trial by jury as to all issues in the above matter.

BY: ____________________

Harris L. Pogust, Esquire
Derek T. Braslow, Esquire
Robert N. Wilkey, Esquire
POGUST & BRASLOW, LLC
161 Washington Street
Suite 1520
Conshohocken, PA 19428

Russell H. Rein, Esquire
Douglass A. Kreis, Esquire
Neil D. Overholtz, Esquire
Aylstock, Witkin, Kreis & Overholtz, P.L.L.C
803 North Palafox Street
Pensacola, FL 32501

DATED: December 10, 2007

161 Washington Street, Suite 1520
Conshohocken, PA 19428
Attn: Ashleigh Machak

7007 1490 0004 9551 0365

Davol, Inc.
100 Sockanossett Crossroad
P.O. Box 8500
Cranston, RI 02920

# EXHIBIT B

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
**-and-**
**SPRIGGS & HOLLINGSWORTH**
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol Inc.*
DC-3417

| | |
|---|---|
| JOANNE GRACYK<br><br>Plaintiff,<br>v.<br><br>C.R. BARD, INC.<br><br>and<br><br>DAVOL INC.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY – LAW DIVISION UNION COUNTY<br><br>Docket No. UNN-L 2973-06<br><br>**NOTICE OF FILING OF REMOVAL** |

**TO:** Donald F. Phelan
Superior Court of New Jersey
CN-971
Trenton, New Jersey 08625

Clerk, Superior Court of New Jersey
Union County Courthouse
2 Broad Street
Elizabeth, New Jersey 07207

Derek T. Braslow, Esq.
Pogust & Braslow, LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428

**PLEASE TAKE NOTICE** that this action has been removed to the United States District Court for the District of New Jersey ("District Court") by the filing of the attached Notice of Removal with the Clerk of the District Court on January 7, 2008. A copy of this notice is on file with the District Court. The Superior Court, Law Division, Union County, New Jersey may proceed no further unless or until this case is remanded.

Respectfully submitted,

Date: January 7, 2008

______________________________

David J. Cooner

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
(973) 297-3960 (fax)

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC

# EXHIBIT C

Yocham v. Novartis Pharmaceuticals Corp.
D.N.J.,2007.
Only the Westlaw citation is currently available.NOT FOR PUBLICATION

United States District Court,D. New Jersey.
Cordelia YOCHAM, Plaintiff,
v.
NOVARTIS PHARMACEUTICALS CORPORATION, Defendant.
**Civil No. 07-1810 (JBS).**

Aug. 13, 2007.

Michael S. Katz, Esq., The Levensten Law Firm, PC, Philadelphia, PA, for Plaintiff, Codelia Yocham.
Joe G. Hollingsworth, Esq., Bruce B. Berger, Esq., Martin C. Calhoun, Esq., Spriggs & Hollingsworth, Esqs., Washington, D.C., and Ethan Stein, Esq., Gibbons P.C., Newark, NJ, for Novartis Pharmaceuticals Corporation.

## *OPINION*

SIMANDLE, District Judge.

*1 This matter is before the Court upon the motion of Plaintiff Cordelia Yocham (the "Plaintiff") to remand this matter back to New Jersey Superior Court, Law Division, in Camden County. [Docket Item No. 7.] Plaintiff moves to remand based on the fact that the case was not properly removed based on federal question jurisdiction. Plaintiff's motion, however, ignores one of Defendant's grounds for removal-that the Court has diversity jurisdiction. Thus, the principal issue to be decided is not whether the Court has jurisdiction under federal question jurisdiction, but (a) whether the Court has diversity jurisdiction and (b) whether an in-state defendant who has not been served with process may remove a complaint, based upon diversity jurisdiction, in light of the prohibition in 28 U.S.C. § 1441(b) against removal of diversity cases where an in-state defendant has been "properly joined and served." For the reasons set forth below, this Court will deny Plaintiff's motion for remand.

## I. *BACKGROUND*

Plaintiff is Cordelia Yocham, a Texas resident, who filed this products liability suit in New Jersey Superior Court, Law Division, in Camden County. (Compl.¶¶ 2.) Defendant is Novartis Pharmaceuticals Corporation ("NPC"), a Delaware corporation with a principal place of business in East Hanover, New Jersey. (Compl.¶¶ 3.) Plaintiff's Complaint states that Defendant advertised, promoted, marketed, sold and distributed the prescription pharmaceutical Lamisil, a terbinafine hydrochloride tablet indicated for treatment of onychomycosis of the toenail or fingernail due to dermatophytes. (Compl.¶ 5, 19.) In 2005, Plaintiff alleges that she suffered from a severe, allergic type of reaction known as Toxic Epidermal Necrolysis. (Compl.¶¶ 10-13.) Plaintiff alleges that the allergic reaction was caused by Plaintiff's ingestion of Lamisil.

Plaintiffs bring an eleven-count complaint alleging (1) negligence; (2) strict liability; (3) breach of express warranty; (4) breach of implied warranty; (5) fraudulent misrepresentation and concealment; (6) negligent and reckless misrepresentation; (7) unjust enrichment; (8) products liability-defective design; (9) products liability-failure to warn; (10) violation of the New Jersey Consumer Fraud Act; (11) punitive damages under the Products Liability Act (N.J.Stat.Ann.2A:58C-1). Plaintiff alleges substantial damages, claiming that she experienced a "life threatening" skin condition involving 70% of her body, which resulted in hospitalization at a burn unit and which places her "at risk of further serious injury or death."(Compl.¶¶ 10-13.) She seeks compensatory damages for "past, present, and future pain and suffering, disability, impairment, lost capacity to enjoy life, mental anguish ... [and] lost earnings," past and future medical expenses and punitive damages. (*Id.* ¶ 190.)

Plaintiff filed this action in Superior Court of New Jersey, Camden County on April 5, 2007. (Complaint, Def.'s Notice of Removal, Ex. A.) On April 17, 2007, before being served with process, NPC removed this case to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446. (Def.'s Notice of Removal ¶ 2.) On April 30, 2007, NPC was served by hand-delivery with a copy of the Complaint. (Summons and Complaint, Def.'s Opp. Br. at Ex. A.)

*2 Defendant NPC's notice of removal, filed in this Court before NPC was served with process,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

asserts that this Court's jurisdiction is premised upon (1) diversity of citizenship under 28 U.S.C. § 1332; (2) federal question jurisdiction under 28 U.S.C. § 1331 arising from the alleged preemption of such claims by the Food, Drug and Cosmetic Act; and (3) federal question jurisdiction regarding conflicts between Plaintiff's claim for punitive damages under New Jersey law and the fraud-on-the-FDA exception. Plaintiff filed her motion for remand on May 15, 2007, arguing that removal of this matter was improper and the case should be remanded to New Jersey Superior Court.

## II. *DISCUSSION*

In addressing Plaintiff's motion to remand, the Court will first address whether this action was properly removed under 28 U.S.C. § 1441(b) and the "joined and served" requirement. A civil action brought in a state court may generally be removed to district court if the district court has original jurisdiction over the matter. *See*28 U.S.C. § 1441(a). Thus, an action based on state law (such as the present case) is removable to federal court when (1) the district court would have original diversity jurisdiction (because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the plaintiffs and defendants), *see*28 U.S.C. § 1332(a), and (2) when none of the parties properly joined and served at the time of the removal are residents of the forum state. *See*28 U.S.C. § 1441(b).

In the Third Circuit Court of Appeals, a removing party bears the burden of demonstrating that removal was proper. *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990); *Frick v. Novartis Pharms. Corp.*, No. 05-5429, 2006 U.S. Dist. LEXIS 9178, *2 (D.N.J. Feb. 22, 2006)."Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."*Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir.1992)(quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1012 n. 6 (3d Cir.1987)). Therefore, a district court must "resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff."*Boyer*, 913 F.2d at 111.

Plaintiff now moves to remand this case to New Jersey Superior Court. Plaintiff's motion focuses exclusively on the issue of whether this Court has federal question jurisdiction in this case. Unlike *Thomson v. Novartis Pharms. Corp.*, No. 06-6280, 2007 U.S. Dist. LEXIS 37990, at *7 (D.N.J. May 22, 2007), a factually similar case in which this Court recently denied plaintiffs' motion for remand, Plaintiff's motion for remand fails to address whether removal was proper based on diversity jurisdiction.[FN1]NPC opposes the motion to remand, arguing this case falls squarely within the Court's original jurisdiction based on diversity of citizenship, and therefore was properly removed under § 1441(b).

> FN1. In *Thomson*, the plaintiffs argued that, because NPC is a resident of New Jersey, the forum state, removal is not permitted under § 1441(b).*See*2007 U.S. Dist. LEXIS 37990, at *3 According to the plaintiffs the purpose of the "joined and served" requirement of § 1441(b) is to prevent a plaintiff from blocking removal of a matter by joining a defendant resident party whom it does not even serve. *Id.* at *8. This requirement, according to the plaintiffs, does not take effect until the plaintiff has served at least one defendant in the litigation, and allowing forum defendants (like NPC) to remove actions in diversity prior to service would "essentially remove the 'joined and served' requirement from § 1441(b)."*Id.*The plaintiffs argue that this Court should have followed the holding of *Holmstrom v. Harad*, No. 05-2714, 2005 U.S. Dist. LEXIS 16694, *4 (N.D.Ill. Aug. 11, 2005), in which the district court addressed the issue of "whether, under § 1441(b), the citizenship of a forum defendant defeats removal when, prior to removal, no defendant has been served or otherwise appeared."*Id.* at *9-10.

*3 This Court agrees. Removal was proper because the Court had original jurisdiction under 28 U.S.C. § 1332. Complete diversity of citizenship exists because Plaintiff is a Texas citizen while NPC is considered a citizen of both Delaware and New Jersey for jurisdictional purposes. Moreover, it appears from the face of the Complaint that the amount in controversy exceeds $75,000, excluding interest and costs. In her Complaint, Plaintiff alleges, among other things, damages relating to having experienced a "life threatening" skin condition involving 70% of her body, which resulted in hospitalization at a burn unit and which places her "at

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

risk of further serious injury or death."(Compl.¶¶ 10-13.) Plaintiff also seeks compensatory damages for "past, present, and future pain and suffering," lost earnings, past and future medical expenses and punitive damages. (*Id.* ¶ 190.)Thus, by reviewing the Complaint, the Court "cannot find to a legal certainty that the amount in controversy does not exceed $75,000."*Wolfe v. Nobel Learning Comtys, Inc.*, No. 06-3921, 2006 U.S. Dist. LEXIS 93055, *2 (D.N.J. Dec. 26, 2006).

In addition, a plain reading of § 1441(b) and a straightforward application of it in this case requires this Court to hold that NPC's removal of this case was also proper under 28 U.S.C. § 1441's "joined and served" requirement. As discussed in *Thomson*, the Third Circuit has held that, when dealing with issues of statutory construction, this Court's task is to:

> give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive. If the language of the statute is plain, the sole function of the court is to enforce the statute according to its terms. The plain meaning is conclusive, therefore, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.

*Thomson*, 2007 U.S. Dist. LEXIS 37990, at *14 (quoting *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir.2001)); *Frick*, 2006 U.S. Dist. LEXIS 9178, at *6-7. The language of § 1441(b) is unambiguous-removal is prohibited *only* where a defendant, who is a resident of the forum state, has been "properly joined *and served*." 28 U.S.C. § 1441(b)(emphasis added). Here, at the time NPC removed this case to this Court (April 17, 2007), NPC had yet to be served (April 30, 2007).[FN2] Consequently, under the plain reading of § 1441(b), removal was not prohibited because NPC (a resident of the forum state) had not been served when it removed this case to this Court.

> FN2. Moreover, there is no evidence that NPC was actively avoiding service.

This conclusion is supported by considerable case law from this District and others including this Court's recent decision in *Thomson*. *See* 2007 U.S. Dist. LEXIS 37990, at *12; *Frick*, 2006 U.S. Dist. LEXIS 9178, at *7 ("[W]e find that the language of the statute is unambiguous"); *Stan Winston Creatures, Inc.*, 314 F.Supp.2d at 180 ("[T]he language of § 1441(b) makes plain that its prohibition on removal applies only where a defendant who has been 'properly joined and served' is a resident of the forum state"); *Ott v. Consol. Freightway Corp.*, 213 F.Supp.2d 662, 665 (S.D.Miss.2002)); *see also*14B Wright, Miller & Cooper, *Federal Practice and Procedure* § 3723 at 642 (3d ed. 1998)("The language of Section 1441(b)... implies that a resident defendant who has not been served may be ignored in determining removability"). Indeed, in *Thomson*, a case where Defendant was a citizen of the forum state but removed before being served, the Court held that a "plain reading of § 1441(b)... warrants denial of Plaintiff's [remand] motion."[FN3]2007 U.S. Dist. LEXIS 37990, at *12. Thus, NPC's removal of this action was proper.

> FN3. Because the Court will deny Plaintiffs' motion to remand on the grounds that removal was proper under § 1441(a) and (b), this Court need not address the issue of whether removal was proper on federal question grounds.

## III. *CONCLUSION*

*4 For the reasons discussed above, the Court will deny Plaintiff's motion to remand this action to New Jersey Superior Court. The accompanying Order shall be entered.

### *ORDER*

This matter having come before the Court upon Plaintiff's motion to remand; and the Court having considered the parties' submissions in support thereof and opposition thereto; and for the reasons stated in the Opinion of today's date; and for good cause shown;

**IT IS** this ***13th*** day of **August, 2007** hereby

**ORDERED** that the motion of Plaintiffs to remand [Docket Item No. 7] shall be, and hereby is, ***DENIED.***

D.N.J.,2007.
Yocham v. Novartis Pharmaceuticals Corp.
Slip Copy, 2007 WL 2318493 (D.N.J.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT D

Ripley v. Eon Labs Inc.
D.N.J.,2007.
Only the Westlaw citation is currently available.
United States District Court,D. New Jersey.
Cheryl RIPLEY, individually, Plaintiff,
v.
EON LABS INC., Sandoz Inc., and Novartis Pharmaceuticals Corp., Defendants.
**Civil Action No. 07-912.**

Aug. 16, 2007.

Michael S. Katz, The Levensten Law Firm, P.C., Philadelphia, PA, for Plaintiff.
Kathy A. O'Neill, White & Williams, Esqs., Cherry Hill, PA, John B. McCusker, McCusker, Anselmi, Rosen, Carvelli & Walsh, PA, Chatham, NJ, for Defendants.

Memorandum Opinion and Order

JOSEPH H. RODRIGUEZ, United States District Judge.

***1** These matters come before the Court upon the motion of Plaintiff Cheryl Ripley to remand this case back to the Superior Court of New Jersey, Law Division, Camden County and upon the motion of Defendant Novartis Pharmaceuticals Corporation to dismiss the Complaint against it pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a viable claim. Plaintiff's motion to remand is predicated on the lack of both diversity jurisdiction and federal question jurisdiction. Defendant Novartis contends that the complaint fails to demonstrate a sufficient nexus between Novartis and the injuries Plaintiff alleges that she sustained. The Court entertained oral argument on these motions on August 9, 2007. The Court has considered the arguments outlined in the parties' briefs, in addition to those advanced during oral argument. For the reasons set forth below, the Court denies Plaintiff's motion to remand and denies Defendant Novartis' motion to dismiss.

***I. Plaintiff's Motion to Remand***

Plaintiff filed a complaint in the Superior Court of New Jersey, Law Division, Camden County on February 23, 2007. Plaintiff alleges that she suffered a severe, life threatening allergic reaction, known as Toxic Epidermal Necrolysis ("TEN"), following ingestion of a generic version of Relafen-Nabumetone. (Compl. at ¶¶ 10-13) The generic drug in question was manufactured by Defendant Eon Labs, which is a subsidiary of Defendant Sandoz, Inc. Defendant Sandoz is owned by Defendant Novartis.

On February 26, 2007, Defendant Sandoz removed this matter to the United States District Court for the District of New Jersey, Camden Visinage on the basis of diversity jurisdiction and federal question jurisdiction. On March 16, 2007, summonses were issued as to all of the Defendants. Defendant Eon Labs has its principal place of business in the State of New York. Defendants Sandoz and Novartis are principally placed in the State of New Jersey. Plaintiff Ripley is a citizen of the State of California.

Plaintiff first argues that removal pursuant to 28 U.S.C. § 1441(b) is unavailable to Defendants because both Novartis and Sandoz are citizens of the State of New Jersey, where the original action was first filed. Plaintiff's second argument challenges the propriety of removal on subject matter jurisdiction grounds. Plaintiff also asserts a claim for punitive damages pursuant to N.J .S.A. 2A:58C-5, which states:

Punitive damages shall not be awarded if a drug or device or food or food additive which caused the claimant's harm was subject to premarket approval or licensure by the federal Food and Drug Administration under the "Federal Food, Drug, and Cosmetic Act," 52 Stat. 1040, 21 U.S.C. § 301 et seq. or the "Public Health Service Act," 58 Stat. 682, 42 U.S.C. § 201 et seq. and was approved or licensed; or is generally recognized as safe and effective pursuant to conditions established by the federal Food and Drug Administration and applicable regulations, including packaging and labeling regulations. However, where the product manufacturer knowingly withheld or misrepresented information required to be submitted under the agency's regulations, which information was material and relevant to the harm in question, punitive damages may be awarded. For purposes of this subsection, the terms "drug", "device", "food", and "food additive" have the meanings defined in the "Federal Food, Drug, and Cosmetic Act."

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*2 Thus, Plaintiff asserts that the requirement that Plaintiff show fraud-on-the-FDA does not raise a substantial federal issue conferring subject matter jurisdiction pursuant to 28 U.S.C. § 1331 on this case. The Court finds that Defendant properly removed this case to this Court based on diversity of citizenship because at the time of removal, none of the Defendants had been "joined and served". Consequently, the Court need not address whether subject matter jurisdiction exists.

An action may be removed from state court if it could have been originally filed in federal court. 28 U.S.C. § 1441(a). An action removed from state court predicated upon diversity of citizenship must not only satisfy the citizenship and amount in controversy requirements of 28 U.S.C. 1332(a), but must also satisfy 28 U.S.C. 1441(b), which provides that:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest **properly joined and served as defendants is a citizen of the State in which such action is brought.**(emphasis added).

As the removing party, Defendant Sandoz bears the burden of demonstrating that removal was proper. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990). When considering a motion to remand, the Court must strictly construe removal statutes in favor of remand. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987). Here, the parties agree that complete diversity exists amongst the parties and that the amount in controversy exceeds the statutory requirement. Accordingly, the issue before this Court is whether the citizenship of New Jersey Defendants Novartis and Sandoz precludes removal pursuant to 28 U.S.C. § 1441(b).

Where the meaning of a statute is at issue, the Third Circuit has stated that "[i]t is elementary that the meaning of the statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the law-making body which passed it, the sole function of the courts is to enforce it according to its terms."*Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir.2001)."If the language of the statute is plain, the sole function of the court is to enforce the statute according to its terms."*Id.* (*citing United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)). The Court may only depart from this mandate where "the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters."*Ron Pair Enters.*, 489 U.S. at 242, (*quoting Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)).

*3 The Court finds that the plain language of 28 U.S.C. § 1441(b) does not bar the Defendants' removal in this case because at the time that the action was removed, the Defendants had not yet been "properly joined and served". The Court further finds that removal under these circumstances does not produce a result "demonstrably at odds with Congressional intent".FN1 The Court's decision finds support from other courts within this district, in addition to several courts sitting in other districts.

FN1. The Court is mindful of the various policy arguments skillfully advanced by Plaintiff's counsel during oral argument in this case. One of the equitable arguments raised centered on the Plaintiff's attempt at professional courtesy. While the Court is not persuaded that these policy arguments warrant a departure from the language of 1441(b), its decision in this regard should not be read as a judgment on the actions of Plaintiff.

Most recently, this Court considered whether an in State defendant who has not been served with the complaint can remove the matter to federal court despite the prohibition contained in 28 U.S.C. § 1441(b). In an unpublished opinion in *Thomson v. Novartis Pharms. Corp.*, 2007 WL 1521138 (D.N.J. May 22, 2007), this Court found that because the forum defendants had not been served at the time of removal, their citizenship did not offend the language of 1441(b). In reaching this conclusion, the Court recognized the "colorable policy arguments" against permitting removal, including the potential for docket monitoring and in state defendant forum shopping. *Id.* at *4. Nonetheless, the Court stated that

"these arguments alone are insufficient to overcome the requirement that this Court give meaning to the plain language of the statute. Congress plainly intended to require service of the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

complaint, and not just proper joinder, to trigger the preclusion of removal by the forum resident defendant in a diversity case, and it did so by including the phrase 'properly joined and served' so that a plaintiff could not frustrate removal of a diversity case by refraining from serving the resident defendant. To adopt plaintiff's arguments here would read the words 'and served' out of the statute."

*Id.* The *Thomson* court further noted the considerable case law in favor of permitting removal by an in state defendant where that defendant has not been properly joined and served.FN2

FN2."*See Frick,* 2006 U.S. Dist. LEXIS 9178, at *7 ("[W]e find that the language of the statute is unambiguous"); *Stan Winston Creatures, Inc.,* 314 F.Supp.2d at 180 ("[T]he language of § 1441(b) makes plain that its prohibition on removal applies only where a defendant who has been 'properly joined and served' is a resident of the forum state"); *Ott v. Consol. Freightway Corp.,* 213 F.Supp.2d 662, 665 (S.D.Miss.2002))("In accordance with [the § 1441(b) ] language ..., courts have held, virtually uniformly, that where, as here, [complete] diversity does exist between the parties, an unserved resident defendant may be ignored in determining removability"); *see also*14B Wright, Miller & Cooper, Federal Practice and Procedure § 3723 at 642 (3d ed. 1998) ("The language of Section 1441(b)... implies that a resident defendant who has not been served may be ignored in determining removability"); *Massey v. Cassens & Sons, Inc.,* No. 05-598, 2006 U.S. Dist. LEXIS 9675, *10-11 (S.D.Ill. Feb. 16, 2006)."*Thomson* at *4.

Plaintiff submits that because *none* of the Defendants in this case were served at the time of removal, removal is premature. Plaintiff likens this case to the Northern District of Illinois's unpublished decision in *Holmstrom v. Harad,* 2005 WL 1950672 (N.D.Ill. Aug. 11, 2005). In *Holmstrom,* Plaintiff filed a shareholder derivative suit against twenty-eight (28) named defendants, two of whom were Illinois citizens. Before any of the defendants were named and served or had made a voluntary appearance, the matter was removed to the Northern District of Illinois by a defendant who was a citizen of Ohio. The *Holmstrom* court concluded that the fact that none of the defendants in that case had been served created a question of first impression, distinguishing the body of cases that permitted removal before the defendant was joined and served because in those cases at least one defendant had been joined and served. The factual distinction, in addition to public policy arguments advanced by plaintiff, provided grounds for the *Holmstrom* court to depart from the growing trend which permitted removal. Ultimately, the *Holmstrom* court granted the motion to remand stating that the citizenship of the two unserved Illinois defendants defeated removal.

*4 Here, like *Holmstrom,* when the notice of removal was filed, none of the Defendants had been served. The reasoning in the *Holmstrom* decision was rejected by this district in an unpublished opinion in *Frick v. Novartis Pharm. Corp.,* 2006 WL 454360 (D.N.J. February 23, 2006). In that case, Novartis removed the action from state court before it or any of the other unnamed defendants were served. Frick argued for remand, stating that "the 'properly joined and served' requirement only makes sense when one defendant has been served but the named forum defendant has not, because in such situations the plaintiff could prevent removal by naming but not serving the forum defendant."*Id.* at * 1. The *Frick* court undertook a review of the *Holmstrom* decision, rejecting that court's policy argument for its holding because it was in contravention to a plain reading of the statute. "Although the *Holmstrom* court offers a plausible justification for its holding, we find that the language of the statute is unambiguous. Furthermore, it is not readily apparent that applying the clear language of the statute to the present case would produce a result that is demonstrably at odds with the intentions of Congress."*Id.* at *3. This Court agrees.

The plain language of 28 U.S.C. § 1441(b), despite the numerous policy arguments against it, permits removal of this case from the Superior Court of New Jersey to this Court. The Court sees no reason to depart from the learned judges in this District that have permitted removal under the circumstances that exist in this case. Consequently, because the parties are diverse and the amount in controversy exceeds the statutory requirement, this Court has jurisdiction pursuant to 28 U.S.C. 1332. Plaintiff's motion for remand is denied.

***II. Novartis's Motion to Dismiss***

In this motion to dismiss, Novartis contends that

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

because it does not manufacture, sell and/or distribute Relafen or its generic counterpart, there is no nexus between Novartis and the harm allegedly suffered by Plaintiff. Further, Novartis contends that Plaintiff has not alleged facts sufficient to pierce the corporate veil of Eon and Sandoz to reach Novartis. In this connection, Novartis insists that Plaintiff cannot demonstrate that Eon and Sandoz are mere instrumentalities of Novartis and Plaintiff has not alleged that Novartis is using Eon/Sandoz to perpetrate a fraud. For these reasons, Novartis seeks dismissal of the complaint against it pursuant to Fed.R.Civ.P. 12(b)(6).

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir.2005). A court may not dismiss the complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (citations omitted). The defendant bears the burden of showing that no claim has been presented.*Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir.2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991)). The lack of factual detail in such cases cannot be seen as a problem in itself, but rather as the cause of a genuine problem: failure to alert the defendant of the grounds underlying the claim. As Wright and Miller have noted, Rule 8(a)(2) does require a sufficient statement of "circumstances, occurrences, and events" underlying the cause of action so as to put a defendant on fair notice of what is claimed. C. Wright & A. Miller, Federal Practice and Procedure § 1215, at 112-13 (1969 & Supp.1987).

*5 The Third Circuit has accessed pleadings in light of Fed.R.Civ.P. 11 and Fed.R.Civ.P. 12(b)(6), stating "[t]olerance of factual contentions in initial pleadings ... when specifically identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; it is not a license to ... make claims ... without any factual basis or justification."*Zuk v. Eastern Penn. Psych. Inst. of Med. Coll. Of Penn.*, 103 F.3d 294, 299 (3d Cir.1996).

As jurisdiction in this case is predicated upon diversity, the Court is bound to apply the law of the State of New Jersey to analyze the sufficiency of Plaintiff's complaint. *See*C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1204 (1970 & Supp.1989). To prove a claim to pierce the corporate veil in New Jersey, Plaintiff's Complaint must contain factual assertions that show that: (1) one corporation is organized and operated as to make it a mere instrumentality of another corporation, and (2) the dominant corporation is using the subservient corporation to perpetrate fraud, to accomplish injustice, or to circumvent the law. *Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 149 (3d Cir.1988); *Major League Baseball Promotion Corp. v. Colour-Tex, Inc.*, 729 F.Supp. 1035, 1046 (D.N.J.1990). The many factors to be considered in determining whether the corporate veil was pierced include "gross undercapitalization ... 'failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant stockholder, non-functioning of other officers or directors, absence of corporate records, and the fact that the corporation is merely a facade for the operations of the dominant stockholder or stockholders.' " *Bd. of Trustees Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.2d 164, 172 (3d Cir.2002)(citing Craig, 843 F.2d at 149).

Here, Plaintiff's Complaint sets forth the relationship of the parties, stating that "a) Novartis, acquired and owns 100% of the Shares of Sandoz. b) Sandoz and Eon are wholly owned subsidiaries of Novartis. c) at all relevant times Eon acted in all aspects as agent and alter ego of Sandoz and Novartis. d) Sandoz acquired ownership and control of Eon on July 25, 2005". (Complaint, ¶ 6) In addition, the Complaint alleges that the Defendants, collectively, "intentionally, recklessly and/or negligently concealed, suppressed, omitted, and misrepresented the risks, dangers, defects, and disadvantages of Relafen; and, advertised, promotion, marketed, sold and distributed Relafen, as a safe prescription medication."(Complaint at ¶ 8) The Complaint sets forth a basis for piercing the corporate veil in Paragraphs 68-69, which state:

Despite such knowledge, the Defendant, through their respective officers, directors and managing agents for the purpose of increasing sales and enhancing its profits, knowingly and deliberately failed to properly warn the Plaintiff, patients,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

consumers and the public of the serious risk of injury occasioned by the known propensity to cause SJS, TENS and similar reactions. ¶ 68

***6** The Defendant and their respective officers, agents and managers intentionally proceeded with the manufacturing, sale and marketing of their respective drugs, knowing that patients and consumers would be exposed to serious danger; specifically, the life threatening reaction TEN, EM, or SJS. ¶ 69

Plaintiff's opposition insists that her pleading is more than sufficient, given the notice pleading requirements of Fed.R.Civ.P. 8, and that Novartis' motion to dismiss is not yet ripe, as discovery will yield facts necessary to proceed with the claims against Novartis. The Court agrees. The Complaint sufficiently sets forth the basis of Plaintiff's claims, alleges facts relevant to such claims, and places Defendant Novartis on notice. *See,* *Bogosian v. Gulf Oil Corp.,* 561 F.2d 434 (3d Cir.1977), *cert. denied,*434 U.S. 1086, 98 S.Ct. 1280 (1978)(*quoting* *Conley,* 355 U.S. at 47, 78 S.Ct. at 103 ("It is not necessary to plead evidence, nor is it necessary to plead the facts upon which the claim is based. 'To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' ").

Indeed, the Complaint alleges more than the bare minimum required by Fed.R.Civ.P. 8. Plaintiff has alleged that Defendant Eon acted as "an agent and alter ego" of Defendants Sandoz and Novartis. (Compl. at ¶ 6) Further, the Complaint alleges that the "acts, omissions, and misrepresentations" of the Defendants caused her injuries (Compl. at ¶ 15). Reviewing the allegations in the Complaint as true, the Complaint sufficiently places Defendant Novartis on notice of the claims against it. As a result, the Court denies Defendant Novartis' motion to dismiss.

For the reasons set forth above,

IT IS on this 16th day of August, 2007, hereby

ORDERED that Plaintiff's motion to remand [8] is DENIED; and it is further

ORDERED that Defendant Novartis' motion to dismiss [14] is DENIED.

D.N.J.,2007.

Ripley v. Eon Labs Inc.
Slip Copy, 2007 WL 2406806 (D.N.J.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT E

HFrick v. Novartis Pharmaceuticals Corp.
D.N.J.,2006.
Only the Westlaw citation is currently available.NOT FOR PUBLICATION
United States District Court,D. New Jersey.
Bernice FRICK, Plaintiff,
v.
NOVARTIS PHARMACEUTICALS CORP., et. al Defendants.
**No. Civ. 05-5429(DRD).**

Feb. 23, 2006.

Gregory S. Spizer, Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley, P.C., Cherry Hill New Jersey, for Plaintiff.
Diane E. Lifton, Gibbons, Del Deo, Dolan Griffinger & Vecchione, P.C., Newark, New Jersey, for Defendant Novartis Pharmaceuticals.

OPINION

DEBEVOISE, Senior District Judge

I. *PROCEDURAL HISTORY & BACKGROUND*

*1 On October 31, 2005 Plaintiff, Bernice Frick, filed this personal injury action in the Superior Court of New Jersey, Morris County, against Defendant, Novartis Pharmaceuticals Corporation ("Novartis") and various unnamed defendants, claiming she sustained injuries from ingesting a prescription medication manufactured by Novartis. On November 15, 2005, having learned of this action before it was served with the complaint, Novartis filed a Notice of Removal, thereby removing the matter to this court. Plaintiff served Novartis on December 2, 2005. Plaintiff now moves to remand the matter to the Superior Court.

Plaintiff is a citizen of Pennsylvania and Novartis is a citizen of New Jersey.

II. *DISCUSSION*

Upon a motion to remand, the removing party bears the burden of demonstrating that removal was proper. *See* Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990). Removal statutes are strictly construed in favor of remand. *See* *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987).

28 U.S.C. § 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant""[e]xcept as otherwise provided by Act of Congress...." In the present case, the district court has original jurisdiction because there is diversity of citizenship between the parties. Therefore, the defendant may remove the matter unless prohibited by a contrary Act of Congress. 28 U.S.C. § 1441(b) provides that civil actions in which there is diversity of citizenship between the parties "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."In the present case Novartis is a citizen of the forum state but it was not properly joined and served when it filed its notice of removal. Thus, under the plain language of the statute, Novartis is entitled to removal.

However, Plaintiff contends that the "properly joined and served" requirement only makes sense when one defendant has been served but the named forum defendant has not, because in such situations the plaintiff could prevent removal by naming but not serving the forum defendant. Thus, Plaintiff argues, that requirement should not apply to the present case.

Plaintiff cites two cases to support that argument, *Recognition Commc'n, Inc. v. Am. Auto. Ass'n, Inc.*, No. 97-0945, 1998 U.S. Dist. LEXIS 3010 (N.D.Tex. Mar. 4, 1998) and *Holmstrom v. Harad*, No. 05-2714, 2005 U.S. Dist LEXIS 16694 (N.D.Ill. Aug. 11, 2005).

In *Recognition Commc'n, Inc.*, the court granted the plaintiffs motion to remand after three of the four defendants filed a notice of removal. In that case there was diversity of citizenship between the parties but one of the defendants, the only one who did not join in the notice of removal, was a citizen of the forum state. None of the four defendants had been served when the notice of removal was filed. 1998 U.S. Dist. LEXIS 3010, at *1-3.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*2 The court found that removal was improper because "all of the Defendants should have participated in the Notice of Removal."*Id* . at *8. In reaching that conclusion the court observed that had one of the non-resident defendants been served, that defendant could have removed the matter without the participation of the other defendants in the notice of removal and "regardless of the presence of a resident defendant."*Id.* at *8 n. 3. However, since none of the defendants had been served, the court found that all of the defendants had to join the removal petition.

The holding in *Recognition Commc'n, Inc.* offers little support for Plaintiff's motion to remand because in that case, the court granted the plaintiff's motion based on a procedural defect that does not exist here. In the present case, Novartis is the only named defendant. Thus, there is no requirement that any other party join the notice of removal.

In *Holmstrom,* the court cites the opinion in *Recognition Commc'n, Inc.* as the only opinion to address the issue of "whether, under § 1441(b), the citizenship of a forum defendant defeats removal when, prior to removal, no defendant has been served or otherwise appeared."*Holmstrom,*2005 U.S. Dist LEXIS 16694, at *4. The *Holmstrom* court notes that, in general, the citizenship of an unserved forum defendant should be disregarded when determining removability. However, it interprets *Recognition Commc'n, Inc.* as limiting that rule to situations in which one defendant has been served or otherwise appeared. Thus, the court in *Holmstrom* held that the "joined and served" requirement does not apply when no defendant has been served or otherwise appeared. *Holmstrom,*2005 U.S. Dist LEXIS 16694, at *7.

This court disagrees with that interpretation of *Recognition Commc'n, Inc.* Although the *Recognition Commc'n, Inc.* opinion contains dicta that may support the *Holmstrom* decision, the holding in *Recognition Commc'n, Inc.* is based on the fact that one of the defendants in that case did not join the notice of removal. Therefore, that portion of the *Holmstrom* decision will not be followed in the present case.

However, the *Holmstrom* court also supports its decision with a policy argument. As it states, "the purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve."*Holmstrom,*2005 U.S. Dist LEXIS 16694, at *6 (internal quotations omitted). Thus, it states, "[t]he 'joined and served' requirement makes sense ... when one defendant has been served but the named forum defendant has not."*Id.* On the other hand, it does not make sense when no defendant has been served. *Id.*

That argument, plausible as it may be, does not adhere to the literal language of the statute. The Third Circuit has held that when dealing with issues of statutory construction, the court's task is

> *3 to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive. If the language of the statute is plain, the sole function of the court is to enforce the statute according to its terms. The plain meaning is conclusive, therefore, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.

*Abdul-Akbar v. McKelvie,* 239 F.3d 307, 313 (3d Cir.2001) (citations and internal quotations omitted).

Although the *Holmstrom* court offers a plausible justification for its holding, we find that the language of the statute is unambiguous. Furthermore, it is not readily apparent that applying the clear language of the statute to the present case would produce a result that is demonstrably at odds with the intentions of Congress. The *Holstrom* holding will not be followed and the plain language of the statute will control the present case. Therefore, Novartis is entitled to removal.

III. *CONCLUSION*

For the reasons set forth above, Plaintiff's motion to remand will be denied. The Court will enter an order implementing this opinion.

D.N.J.,2006.
Frick v. Novartis Pharmaceuticals Corp.
Not Reported in F.Supp.2d, 2006 WL 454360 (D.N.J.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT F

C Maldonado v. Hartmann
E.D.Mo.,2007.
Only the Westlaw citation is currently available.
United States District Court,E.D. Missouri,Eastern Division.
Fernando Iberra MALDONADO, Plaintiff,
v.
Doug HARTMANN, et al., Defendants.
**No. 4:07CV853 CDP.**

June 28, 2007.

Jeffrey J. Lowe, Jeffrey J. Lowe, P.C., John G. Simon, Simon and Passanante, PC, St. Louis, MO, for Plaintiff.
Joseph P. Lang, Matthew J. Fink, Bates and Carey, LLP, Chicago, IL, R. Prescott Sifton, Blackwell Sanders Peper Martin LLP, St. Louis, MO, for Defendant.

***MEMORANDUM AND ORDER***

CATHERINE D. PERRY, United States District Judge.

*1 This declaratory judgment case presents an unusual insurance coverage question. Before me now, however, are two procedural issues that must be resolved before I can reach the merits. The first procedural issue is whether removal jurisdiction is proper even though two Missouri citizens are named as defendants. I conclude that the two Missouri defendants were fraudulently joined, and so removal was proper. The second issue is whether plaintiff can maintain this suit even though he has been enjoined by an Illinois court from pursuing a declaratory judgment in any other forum against the insolvent insurance company. I will require plaintiff to show cause why I should not dismiss the case as to that defendant.

I. ***Background***

According to the allegations of the state court petition, defendants Doug Hartmann and Doug Hartmann Productions, LLC (collectively "Hartmann"), worked to promote boxing events. Plaintiff Fernando Maldonado entered into a contract with Hartmann to box in a match. Hartmann obtained an insurance policy from defendants Legion Indemnity Company and Lexington Insurance Company to cover the boxing event. The policies excluded liability for injuries that occurred during the athletic event.

After the boxing match, Maldonado collapsed in his dressing room, went into convulsions, and "began suffering a hypoxic brain injury."He alleges that his injuries were caused by Hartmann's failure to monitor his medical condition, to have an ambulance on the premises, and to provide adequate medical treatment. Maldonado initially sued Hartmann and several others in state court. Hartmann notified the insurance companies, but they declined coverage and refused to defend the case. Hartmann and Maldonado settled the original suit by entering into "a consent judgment in the amount of $5 million executable only against insurance proceeds."

Maldonado then filed this declaratory judgment suit in state court, naming as defendants Doug Hartmann, Doug Hartmann Productions, LLC, Lexington Insurance Company, and Legion Indemnity Company. He seeks a declaration that there is coverage, that no exclusions apply, and that judgment be entered against all defendants in the amount of $5 million, "limited to the insurance policies." Lexington removed the case to federal court, asserting diversity jurisdiction. Maldonado seeks remand, arguing that the presence of the Missouri defendants defeats removal. Complete diversity exists: plaintiff Maldonado is a citizen of the country of Mexico; both Hartmann and Hartmann defendants are Missouri citizens; Lexington is a Delaware corporation with its principal place of business in Massachusetts; and Legion is an Illinois corporation with its principal place of business in Illinois. The issue presented here is whether removal is proper when there are Missouri defendants.

The removal papers filed by Lexington contained a notice from counsel for the Illinois Department of Insurance consenting to the removal on behalf of defendant Legion Indemnity Company. That letter also said, however, that Legion has been found insolvent and is in the process of being liquidated, and that by order of the Circuit Court of Cook County, Illinois, Maldonado has been enjoined from pursuing a suit against Legion in any forum other

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

than the Illinois insolvency proceeding.

**II.** ***Discussion***

***2** A defendant may remove an action from state court to federal district court if the action is within the district court's original jurisdiction, unless an act of Congress expressly provides otherwise. 28 U.S.C. § 1441(a). Defendants, as the parties seeking removal and opposing remand, have the burden of establishing federal subject-matter jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir.1993).

Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the suit is between citizens of different states and a citizen of a foreign country. As noted above, it is undisputed that complete diversity exists, even if the Hartmann defendants were validly joined, because plaintiff is a citizen of Mexico, and defendants are citizens of Missouri, Delaware, Massachusetts, and Illinois. Diversity jurisdiction would have existed in this Court had plaintiff chosen to file it here.

Removal jurisdiction, however, is more limited. Under 28 U.S.C. § 1441(b), a diversity case can be removed "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."The forum-defendant rule is jurisdictional in this Circuit. *See Horton v.Conklin*, 431 F.3d 602, 605 (8th Cir.2006).

Lexington argues that the Hartmann defendants were fraudulently joined to defeat federal jurisdiction, and that I should therefore disregard their citizenship. "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants."*Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir.2002) (citation omitted). Under the doctrine of "fraudulent joinder," a court may disregard the citizenship of a nondiverse defendant who was frivolously joined in an effort to defeat removal. *Commercial Sav. Bank v. Commercial Fed. Bank*, 939 F.Supp. 674, 680 (N.D.Iowa 1996). The fraudulent joinder cases cited by the parties, and all those I have found, have dealt with fraudulent joinder to defeat diversity jurisdiction, not fraudulent joinder to trigger the forum-defendant bar to removal. I can think of no reason why the same analysis should not apply here, however, and the removal statute specifically refers to local defendants "properly joined and served."

Maldonado and the Hartmann defendants entered into a consent decree in the amount of the policy limits; that consent judgment can be executed only against the insurance proceeds. Maldonado's petition alleges no cause of action against Doug Hartmann or Doug Hartmann Productions, LLC. Even if all the claims of Maldonado's petition were found in his favor, there would be no resulting liability against the Hartmanns in this case. The disputes between those parties was fully settled by the consent judgment.

Maldonado argues that Hartmann is properly joined under Mo.Rev.Stat. § 527.110 which requires that a declaratory judgment suit include "all persons ... who have or claim any interest which would be affected by the declaration."According to the Missouri courts, an "interest" under this statute is "not one which is merely consequential, remote or a conjectural possibility of being somehow affected by the result of an action."*Moschenross v. St. Louis County*, 188 S.W.3d 13, 25 (Mo.Ct.App.2006) (citation omitted)."The interest at issue must be a direct claim upon the subject of the action such that the joined party will either gain or lose by direct operation of the judgment rendered."*Id.* The Hartmann defendants have no interest or claim in the outcome of this suit; their liability will not change at all depending on the outcome here.

***3** Because there is no factual or legal basis for a claim by plaintiff Maldonado against Doug Hartmann and Doug Hartmann Productions, LLC, these defendants were fraudulently joined. I will dismiss the claims against them under Rule 21, Fed.R.Civ.P., for misjoinder. The fraudulent joinder of these defendants does not trigger the forum-defendant rule, and does not prevent removal. I also note that it appears these defendants were not served in the state proceedings before the case was removed. That is an additional reason why their presence does not trigger the forum-defendant rule, because it only refers to local defendants who have been properly served at the time of removal. *See*28 U.S.C. § 1441(b). I will deny the motion to remand, as this Court may properly exercise subject-matter jurisdiction over this case.

Finally, I will require plaintiff to respond to the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

statement contained in the notice of removal that he has been enjoined from bringing suit against Legion Indemnity Company except in the liquidation proceedings. Plaintiff's state-court petition did not attach the insurance policy or policies, and I cannot tell from the allegations whether the suit against Lexington can go forward even if the suit against Legion must be dismissed. I wish to resolve these questions before setting the case for a scheduling conference.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [# 8] is DENIED.

**IT IS FURTHER ORDERED** that defendants Doug Hartmann and Doug Hartmann Productions, LLC are dismissed as parties to this suit, as they were fraudulently joined.

**IT IS FINALLY ORDERED** that plaintiff shall explain, in writing, within fourteen (14) days of the date of this order, why he believes he can proceed in this action against defendant Legion Indemnity Company in light of the injunction issued by the Illinois court handling the liquidation of that defendant. Plaintiff should also explain whether the case can go forward against Lexington even if it cannot proceed against Legion. If defendant wishes to respond, it should do so within five (5) days of receiving plaintiff's response to this Order.

E.D.Mo.,2007.
Maldonado v. Hartmann
Slip Copy, 2007 WL 1862763 (E.D.Mo.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT G

**Fields** v. Organon USA Inc.
D.N.J.,2007.
Only the Westlaw citation is currently available.NOT FOR PUBLICATION
United States District Court,D. New Jersey.
Sharamonda **FIELDS**, Plaintiff,
v.
ORGANON USA INC., Organon Pharmaceuticals USA Inc., Organon International Inc., and Akzo Nobel NV, Defendants.
**Civil Action No. 07-2922 (SRC).**

Dec. 12, 2007.

Jason Travis Brown, Shelly A. Leonard, Blau, Brown & Leonard, LLC, Jersey City, NJ, for Plaintiff.
Steven A. Stadtmauer, Harris Beach, PLLC, Newark, NJ, for Defendants.

**OPINION**

CHESLER, District Judge.

***1** This matter comes before the Court upon the motion to remand filed by Plaintiff Sharamonda **Fields** [docket item # 3]. Defendants Organon USA Inc., Organon Pharmaceuticals USA Inc., and Organon International Inc. (hereinafter, collectively referred to as "Defendant" or "Organon") have opposed the motion. The Court has considered the papers submitted by the parties, and pursuant to Federal Rule of Civil Procedure 78, rules on the motion without oral argument. For the reasons discussed below, the Court is not satisfied that it has subject matter jurisdiction over this action, and therefore, this action will be remanded to the Superior Court of New Jersey, Law Division, Essex County.

**I. BACKGROUND**

This action arises out of alleged physical and economic harm sustained by Plaintiff as a result of her use of the prescription pharmaceutical device known as NuvaRing. Plaintiff Sharamonda **Fields**, a citizen and resident of California, filed a lawsuit in the Superior Court of New Jersey, Essex County, on or about June 14, 2007, naming Organon USA Inc., Organon Pharmaceuticals USA Inc., Organon International Inc. (hereinafter collectively referred to as "Organon"), and Akzo Nobel NV as Defendants. Akzo Nobel NV is a company incorporated under the laws of the Netherlands. Organon, a subsidiary of Akzo Nobel NV, maintains its principle place of business in New Jersey.

Plaintiff alleges in her Complaint that she sustained serious and permanent damages stemming from her use of the contraceptive NuvaRing, which is manufactured and marketed by Defendants. Plaintiff brings a six-count Complaint alleging: (1) strict product liability under the New Jersey Product Liability Act ("NJPLA"), N.J.S.A. § 2A:58C-1, *et seq.;* (2) failure to warn the medical profession of known dangers of NuvaRing in violation of the New Jersey Product Liability Act, N.J.S.A. § 2A:58C-1, *et seq.;* (3) breach of warranty; (4) common law negligence; (5) consumer fraud in violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq.;* and (6) common law fraud. Plaintiff seeks compensatory and punitive damages as well as attorney's fees.

On June 21, 2007, a Summons directed to Organon and a copy of the Complaint were delivered to Ms. Sheon Young, an employee of Organon. Plaintiff identifies Ms. Young as a "managing agent," while Defendant maintains that she is only an "administrative legal assistant." The Summons was not signed. Apparently, no attempt has yet been made to serve Defendant Akzo Nobel NV.

Defendants removed this action on or about June 22, 2006, pursuant to 28 U.S.C. § 1441 (2006). In the Notice of **Removal**, Defendants asserted that this Court has subject matter jurisdiction over this case because: (1) diversity jurisdiction exists in this case, and the plain language of 28 U.S.C. 1441(b) does not bar Organon from removing this action, and (2) Plaintiff's state law claims necessarily turn on the construction of federal law and therefore "arise under" the laws of the United States pursuant to 28 U.S.C. § 1331 (2006).

**II. DIVERSITY JURISDICTION**

***2** In an action removed to federal court under 28 U.S.C. § 1441, the removing party bears the burden of showing that there is federal subject matter

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

jurisdiction. *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir.2004); *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990).**Removal** statutes are strictly construed against **removal** and all doubts are to be resolved in favor of remand. *Entrekin v. Fisher Scientific, Inc.,* 146 F.Supp.2d 594, 604 (3d Cir.2001); *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir.1992); *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir.1987). Moreover, the Court is mindful of Congressional intent to limit **removal** from the state to federal courts.*American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 10 (1951) (noting that an "important [Congressional] purpose [of the 1948 revision of the Federal Rules of Civil Procedure] was to limit **removal** from state courts"). Indeed, federal law dictates that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."28 U.S.C. § 1447(d) (2006).

A defendant may remove an action from state court to federal district court pursuant to 28 U.S.C. § 1441(a) only when the federal courts have original jurisdiction. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332, federal district courts have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. This basis of federal jurisdiction is commonly referred to as diversity jurisdiction. In this case, the § 1332 requirements of diversity jurisdiction are fulfilled. The face of the Complaint demonstrates that the amount in controversy exceeds $75,000, Plaintiff is a citizen of California, and no defendant is a citizen of California.

However, 28 U.S.C. § 1441(b) imposes another condition above the requirements of original diversity jurisdiction, known as "forum defendant rule." Pursuant to § 1441(b), a case can be removed on the basis of diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."Thus, the forum defendant rule precludes **removal** based on diversity where a defendant is a citizen of the forum state, meaning the state in which the plaintiff originally filed the case. *See, e.g., Lively v. Wild Oats Mkts., Inc.,* 456 F.3d 933, 939 (9th Cir.2006).

In the present case, Plaintiff argues that the forum defendant rule precludes **removal** of this action to this Court. Plaintiff asserts that Defendant Organon, which maintains its principal place of business in New Jersey, is a citizen of New Jersey, *see*28 U.S.C. § 1332(c)(1), and as this action was initially filed in New Jersey, Organon is a forum defendant and cannot remove. Organon counters that § 1441(b) only prohibits **removal** where the forum defendant is "properly joined and served." Organon argues that at the time of **removal**, it had not been properly served, and therefore § 1441(b) does not bar its **removal** of this action. The question thus presented to the Court may be stated as whether a forum defendant may ever remove an action to federal court based upon diversity-that is, even before it is served with a summons and complaint. FN1

FN1. This question should not be confused with the similar-sounding, but different, question of the propriety of **removal** where a defendant, who has not been served and who is a is a citizen of the same state as a plaintiff, destroys diversity. There, the majority opinion is that **removal** is improper. *See Pecherski v. General Motors Corp.,* 636 F.2d 1156 (8th Cir.1981). The question here involves a defendant that is a citizen of the state in which the action was originally brought, as opposed to a citizen of plaintiff's state of citizenship. *See Maple Leaf Bakery v. Raychem Corp.,* No. 99 C 6948, 1999 WL 1101326 *2 (N.D.Ill. Nov. 29, 1999) (emphasizing the distinction between the presence of a defendant that destroys diversity and a forum defendant).

*3 Though the parties dedicate a significant amount of the argument to the issue of whether service on Organon was proper, the Court need not resolve that issue to decide whether § 1441(b) precludes **removal** by forum-state Defendant Organon. For the reasons discussed below, the Court finds that Organon is subject to the restrictions of § 1441(b) regardless of whether it had been properly served at the time of **removal**. Another reading of the provision-one that would permit a forum-state defendant to remove before service is effectuated-would run counter to the policy underlying diversity jurisdiction.

The purpose of federal diversity jurisdiction is to avoid possible prejudice to an out-of-state defendant. *McSparran v. Weist,* 402 F.2d 867, 876 (3d Cir.1968); S.Rep. No. 1830, 85th Cong., 2d Sess.,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

reprinted in 1958 U.S.Code Cong. & Admin. News 3099, 3102) (explaining the "purpose of diversity of citizenship legislation ... is to provide a separate forum for out-of-state citizens against the prejudices of local courts and local juries by making available to them the benefits and safeguards of the federal courts")."The need for such protection [from local bias] is absent, however, in cases where the defendant is a citizen of the state in which the case is brought."*Lively*, 456 F.3d at 940. Similarly, in a case involving multiple defendants where at least one is a citizen of the forum state, the forum defendant rule nevertheless prohibits **removal** because the likelihood of local bias against all defendants is too remote to warrant **removal**. *See Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir.1997) (stating that insofar as "diversity jurisdiction exists because of a fear that the state tribunal would be prejudiced towards the out-of-state plaintiff or defendant, that concern is understandably allayed when that party is joined with a citizen from the forum-state").

The forum defendant rule, however, creates an opportunity for procedural gamesmanship on behalf of plaintiffs trying to keep an action in state court. A plaintiff could either improperly join a forum defendant, or alternatively, a plaintiff could join a forum defendant that the plaintiff had no honest intention of actually pursuing in litigation, and then not serve the forum defendant. Section 1441(b) attempts to eliminate these potential abuses by requiring that the forum defendant be "properly joined and served." *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F.Supp.2d 177, 181 (S.D.N.Y.2003). Indeed, "[t]he purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking **removal** by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve."*Id.*;*Holmstrom v. Harad*, No. 05 C 2714, 2005 WL 1950672, *6 (N.D.Ill. Aug. 11, 2005) (noting that "a plaintiff should not be able to prevent a served defendant from removing simply by naming, but not serving, a forum citizen as a defendant").

*4 It is therefore well settled that a non-forum defendant will not necessarily be barred from **removal** by the forum defendant rule where a forum defendant is joined, but not served. *See, e.g., Ott v. Consol. Freightways Corp. of Del.*, 213 F.Supp.2d 662, 666 (S.D.Miss.2002) (non-forum defendant removed action, finding "no merit to plaintiffs' suggestion that the presence of an unserved resident defendant ... precludes **removal** under § 1441(b)"); *Stan Winston Creatures*, 314 F.Supp.2d at 180 (stating "courts have held, virtually uniformly, that ... an unserved resident defendant may be ignored in a determining removability").

On the other hand, where-as in this case-the forum defendant is the removing party, and clearly a legitimate defendant, there is no reason to ignore the forum defendant rule and permit **removal**, regardless of whether or not the removing defendant has been served. Because the party seeking **removal** hails from the forum state, there is no fear of local bias. **Removal** under such circumstances does not comport with the policy underlying the statutes providing for **removal** based upon diversity jurisdiction and frustrates the policy underlying the forum defendant rule.

This Court acknowledges that the plain language of § 1441(b) does appear to imply that a forum defendant may remove an action as long as it does so before being served. However, such a bizarre result cannot possibly have been the intent of the legislature. The goal of judicial statutory interpretation is to actualize legislative intent. *U.S. v. Am. Trucking Ass'ns*, 310 U.S. 534, 542 (1940) (stating that the "function of the courts" in interpreting statutes "is to construe the language so as to give effect to the intent of Congress"). Generally, the best indication of the drafters' intent is the statute's plain language. *Id.* At times, however, the plain language of a statute leads to a result that could not possibly have been the intent of the drafters, in which case it is the duty of the court to interpret the statute in a manner congruent with the legislative intent. *Id.* at 543.The Supreme Court's observations on the qualified importance of a statute's plain language in statutory interpretation guides this Court:

There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes. Often these words are sufficient in and of themselves to determine the purpose of the legislation. In such cases we have followed their plain meaning. When that meaning has led to absurd or futile results, however, this Court has looked beyond the words to the purpose of the act. Frequently, however, even when the plain meaning did not produce absurd results but merely an unreasonable one 'plainly at variance with the policy of the legislation as a whole' this Court has followed

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

that purpose, rather than the literal words.

*Id.* (footnotes omitted); *see also* Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571 (where "literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters ... those intentions must be controlling").

*5 While the plain language of § 1441(b) would appear to encompass even situations where the removing party is the forum defendant, that interpretation leads to the untenable result that forum defendants can remove actions from state court as long as they do so before they are served. The result of blindly applying the plain "properly joined and served" language of § 1441(b) is to eviscerate the purpose of the forum defendant rule. It creates a procedural anomaly whereby defendants can always avoid the imposition of the forum defendant rule so long as they monitor the state docket and remove the action to federal court before they are served by the plaintiff.[FN2] In other words, a literal interpretation of the provision creates an opportunity for gamesmanship by defendants, which could not have been the intent of the legislature in drafting the "properly joined and served" language. In short, this Court holds that the "properly joined and served" language of § 1441(b) does not encompass the situation in which the removing party is a forum defendant, and that in such situations **removal** to federal court is improper.

FN2. In some state court systems, evidently, the race by defendants to remove before being served by the plaintiff is easily won by defendants because plaintiffs cannot serve defendant before receiving a state track assignment number. This assignment can take over a week from the time the plaintiff files suit, during which time the defendant can learn of the action and remove it to federal court. *See* Thomson v. Novartis Pharm., Corp., Civil No. 06-6280(JBS) 2007 WL 1521138, *3 n. 4 (D.N.J. May 22, 2007).

In reaching its decision, the Court has reviewed the handful of opinions by other district courts discussing the "properly joined and served" language.[FN3] Many of these courts have focused on whether to follow the decision of the Northern District of Illinois in *Holmstrom v. Harad,* No. 05 C 2714, 2005 WL 1950672, (N.D.Ill. Aug. 11, 2005). *Holmstrom* involved a shareholder derivative action originally filed in Illinois state court with twenty-eight named defendants, including two Illinois residents. *Id.* at * 1. One of the defendants, a citizen of Ohio, removed the action to federal district court before any of the defendants had been served. *Id.* The *Holmstrom* court first noted that under the plain language of § 1441(b), an unserved forum defendant does not bar **removal.** *Id.* However, the court nevertheless denied **removal**, reasoning that where *no* defendant has been served, the "the policy of the 'joined and served' requirement is not implicated."*Id.* at *2. The court further explained that, where none of the defendants have been served, the non-forum defendant "stands on equal footing as the forum defendant[,]" in that "[n]either defendant ... is obligated to appear in court."*Id.* The court also noted that once served, the non-forum defendant would still have thirty days to remove. *Id.* Stated another way, an out-of-state defendant should not fear local bias before it is served, and therefore, has no basis for **removal** before it has been served.

FN3. *Vivas v. Boeing Co.,* 486 F.Supp.2d 726 (N.D.Ill.2007); *Ripley v. Eon Labs Inc.,* Civil Action No. 07-912, 2007 WL 2406806 (D.N.J. Aug. 16, 2007); *Waldon v. Novartis Pharms. Corp.,* No. C07-01988 MJJ, 2007 WL 1747128 (N.D. Cal. June 18, 2007); *Thomson v. Novartis Pharms. Corp.,* Civil No. 06-6280(JBS), 2007 WL 1521138 (D.N.J. May 22, 2007); *City of Ann Arbor Employees' Ret. Sys. v. Gecht,* No. C-06-7453 EMC. Docket No. 7, 2007 WL 760568 (N.D.Cal. March 9, 2007); *Frick v. Novartis Pharms. Corp.,* No. Civ. 05-5429, 2006 WL 454360 (D.N.J. Feb. 23, 2006); *Massey v. Cassens & Sons, Inc.,* No. 05-CV-598-DRH, 2006 WL 381943 (S.D.Ill. Feb. 16, 2006); *Maitra v. Mitsubishi Heavy Indus., Ltd.,* No. CIV.A. SA01CA0209FBNN, 2002 WL 1491855 (W.D.Tex. March 29, 2002).

Here, unlike *Holmstrom,* a forum defendant has removed the case to this Court. For the reasons discussed above, the Court finds that § 1441(b) must bar **removal** by a forum defendant, whether it has been served or not. Insofar as no defendant has been served in this case, it is theoretically possible to deny **removal** for the reasons set forth in *Holmstrom.*However, the Court does not base its holding on that rationale. Instead, the Court finds that a forum defendant cannot remove to federal court

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

even if the forum defendant has not been "properly joined and served." FN4 Accordingly, the Court the court declines to apply § 1441(b) to permit Organon to remove this case based on diversity jurisdiction.

FN4. At least one other district seems to have reached the same conclusion as this Court. *Vivas v. Boeing Co.*, 486 F.Supp.2d 726 (N.D.Ill 2007). In *Vivas,* the removing party was a forum defendant and no defendant had been served. The court held that "[c]ombining the permission granted in 28 U.S.C. § 1446(b) for defendants to file a notice of **removal** before being served with the joined and served requirement of 28 U.S.C. § 1441(b) to allow a resident defendant to remove a case before a plaintiff even has a chance to serve him would provide a vehicle for defendants to manipulate the operation of the **removal** statutes."*Id.* at 734.

## III. FEDERAL QUESTION JURISDICTION

*6 Alternatively, Organon maintains that this Court has original federal question jurisdiction over the case because, even though the Complaint pleads only state law causes of action, there are substantial questions of federal law embedded in those claims. First, Organon maintains that Plaintiff's punitive damages claim hinges on proof that Organon committed fraud on the FDA. Second, Organon also argues that the fraud claims necessarily raise disputed and substantial federal issues, and therefore "arise under" federal law because they are based on the allegation that Organon knowingly withheld information about the safety of NuvaRing from the FDA.

As to the federal nature of Plaintiff's punitive damages claim, Organon relies on a provision of the New Jersey Product Liability Act that prohibits the award of punitive damages if the litigated drug or medical device was subject to premarket approval by the FDA-as was presumably the case for the NuvaRing pharmaceutical product at issue in this case-unless "the product manufacturer knowingly withheld or misrepresented information" in violation of the FDA's regulations. N.J.S.A. § 2A:58C-5(c). Thus, Organon argues, a "fraud on the FDA claim" is necessarily embedded in Plaintiff's punitive damages claim and, pursuant to the Supreme Court's holding in *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 353 (2001), such a claim "is inherently federal in character."

It is well-established that the existence of federal subject matter jurisdiction is determined from the face of the "well-pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. With regard to federal question jurisdiction, this normally means that the complaint pleads a federal cause of action. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Louisville & Nashville Railroad v. Mottley*, 211 U.S. 149 (1918). In other words, the well-pleaded complaint rule generally bars federal jurisdiction where a plaintiff's complaint on its face states only state law causes of action, even though issues of federal law may be involved. *Carrington v. RCA Global Commc'ns, Inc.*, 762 F.Supp. 632, 636 (D.N.J.1991).

The parties do not dispute that the Complaint in this action asserts only state law causes of action. Organon contends that the Court nevertheless has "arising under" jurisdiction on the grounds that, under the New Jersey Product Liability Act provision quoted above, Plaintiff's pursuit of punitive damages necessarily requires the Court to adjudicate the question of whether Organon committed a fraud on the FDA. Organon argues that this brings federal issues to the forefront because in *Buckman,* the Supreme Court held that a state law fraud on the FDA claim was impliedly pre-empted by the Food, Drug, and Cosmetic Act ("FDCA").*Buckman*, 531 U.S. at 348. The Court reasoned that

State-law fraud on the FDA claims inevitably conflict with the FDA's responsibility to police fraud consistently with the Administration's judgment and objectives. As a practical matter, complying with the FDA's detailed regulatory regime in the shadow of 50 States' tort regimes will dramatically increase the burdens facing potential applicants-burdens not contemplated by the Congress in enacting the FDCA and the MDA [Medical Device Amendments of 1976].

*7*Id.* at 350.

Although Organon does not argue, in the instant motion, the Plaintiff's punitive damages claim is pre-empted, it relies on *Buckman* to make the point that a state law claim that requires Plaintiff to prove that "the product manufacturer knowingly withheld or misrepresented information required to be submitted under the agency's regulations" requires a Court to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

analyze and decide a substantial federal issue with reference to federal regulatory law. In other words, according to Organon, federal question jurisdiction exists on the face of the Complaint because "substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims."*Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 23 (1983).

The Supreme Court has long-recognized this variety of federal "arising under" jurisdiction, in which the federal question is embedded in a state law claim.*Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005). In *Grable*, the Supreme Court articulated the standard for determining whether the presence of a federal issue in a purely state law claim may give rise to federal question jurisdiction under § 1331 as follows: "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal law and state judicial responsibilities."*Id.* at 315.

However, Organon's attempt to federalize Plaintiff's punitive damages and fraud claims goes beyond what the *Grable* line of jurisprudence will admit. *See Empire Healthchoice Assur., Inc. v. McVeigh,* 126 S.Ct. 2121, 2137 (2006) (noting that *Grable* did not intend to open the federal courthouse to any claim involving a federal element). Indeed, this Court engaged in a detailed analysis of the *Grable* test in *Hirschbach v. NVE Bank,* 496 F.Supp.2d 451 (2007). As summarized in that opinion, *Grable* does not create federal jurisdiction for every state law claim that may involve analysis of federal law. *Id.* at 456-57.

While the Court recognizes that *Buckman* is binding precedent with regard to the viability of a state law fraud on the FDA claim, *Buckman* does not make any holding with regard to the existence of federal question jurisdiction over a case by virtue of a state law claim that incorporates federal law as setting forth the standard of offending conduct. That is the situation before this Court. As previously held by this Court, "[a] state law cause of action does not give rise to a substantial and disputed question of federal law simply because it is predicated on conduct regulated by federal law."*Hirschbach,* 496 F.Supp.2d at 455.

The question of preemption of a state law claim is distinct from the question of whether the claim "arises under" federal law. It is "settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."*Caterpillar, Inc.,* 482 U.S. at 393 (citing *Franchise Tax Bd.,* 463 U.S. at 12) (emphasis in original). Only where a federal cause of action *completely* preempts a state cause of action may the Court conclude that a complaint's facial state law claim really "arises under" federal law. *Franchise Tax Bd.,* 463 U.S. at 24;*see also Railway Labor Executives Ass'n v. Pittsburgh & Lake Erie Railroad Co.,* 858 F.2d 936, 939 (3d Cir.1988) (holding that complete preemption doctrine provides that "Congress may so completely preempt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character"). To this Court's knowledge, the complete preemption doctrine does not apply to the FDCA, nor does the FDCA supply a private cause of action that would enforce the interests that Plaintiff seeks to vindicate through her claims pursuant to the New Jersey Product Liability Act, New Jersey Consumer Fraud Act, and New Jersey common law. *See Railway Labor,* 858 F.2d at 942 (citing *Franchise Tax Bd.,* 463 U.S. at 24) (holding that lack of private right of action under federal statute evidences inapplicability of complete preemption doctrine).

***8** Organon cites two pre-*Grable* cases from other district courts for the proposition that the New Jersey Product Liability Act's incorporation of a federal standard of conduct into its punitive damages provision causes Plaintiff's claim to arise under federal law: *Garcia v. Wyeth-Ayerst Labs.,* 385 F.3d 961 (6th Cir.2004), and *Kobar ex rel. Kobar v. Novartis Corp.,* 378 F.Supp.2d 1166 (D.Ariz.2005). However, the Court finds both cases to be distinct from this matter and unpersuasive.

As in this case, Kobar and Garcia called upon the courts to apply the *Buckman* holding to cases in which a state law "fraud on the FDA" claim was not at issue, but rather which involved a state law that immunizes pharmaceutical manufacturers from punitive damages unless they have defrauded the FDA. Unlike this case, however, neither one of those courts analyzed the existence of "arising under" jurisdiction by virtue of the state law definition of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

conduct warranting punitive damages by reference to the FDA's disclosure requirements. Instead, they ruled on motions seeking to dismiss the punitive damages claim based on preemption of the claim under *Buckman.* Thus, the analysis of the courts in those cases is not persuasive and sheds no light on the subject matter jurisdiction question before this Court. *See, e.g., In re Aredia and Zometa Prods. Liability Litig.,* No. 06-MD-1760, 2007 WL 649266, at *8-*9 (M.D.Tenn. Feb. 27, 2007) (distinguishing *Buckman, Kobar* and *Garcia* in its discussion of whether New Jersey Product Liability Act provision making proof of fraud on the FDA a prerequisite to obtaining punitive damages "arises under" federal law pursuant to the *Grable* standard).

This Court finds that the most instructive guidance on where, according to the *Grable* test, to draw the jurisdictional boundaries in this case is provided by the Supreme Court in *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804 (1986). In *Merrell Dow,* the defendants removed an action involving a negligence claim predicated on an alleged violation of FDCA. The Court held that where the federal issue was merely "an element of the state tort" claim, the "congressional determination that there should be no federal remedy" for a violation of the FDCA indicated that an alleged violation of that act as an element of the state tort to be "insufficiently 'substantial' to confer federal question jurisdiction."*Id.* at 814.

*Grable* did not supersede the opinion in Merrell Dow; it merely clarified that Merrell *Dow* did not require a federal cause of action as a condition for exercising federal-question jurisdiction. Grable, 545 U.S. at 317-19. Grable involved a quiet title action brought by a former land-owner in state court against a tax-sale purchaser, alleging the Internal Revenue Service did not give proper notice of the sale as required by 26 U.S.C. § 6335. *Id.* at 310-311.Defendant removed the case to federal court asserting the claim of title depended on interpretation of the notice provision in the federal law.*Id.* at 311.The federal statute at issue in Grable did not provide a cause of action. *Id.* However the Court found the federal issue imbedded in the state law claim to be "the only legal or factual issue in the case," and thus "actually disputed and substantial." Grable, 545 U.S. at 315. Moreover, the Court held that interpretation of a federal tax provision "is an important issue of federal law that belongs in federal court," and as quiet title actions implicating federal law are rare, federal jurisdiction in Grable would not offset the Congress's intended division of labor between state and federal courts. *Id.* at 315, 319.Accordingly, while the absence of a federal private right of action is not dispositive of whether federal question jurisdiction exists, it is relevant to the issue and should be considered by the Court.*Id.* at 318.

***9** As pled in this case, the embedded federal issues are not substantial because determining the merits of the New Jersey Consumer Fraud Act claim does not depend on construction of federal law. The Act merely requires that, in order to obtain punitive damages, Plaintiff must prove that Defendants "knowingly withheld or misrepresented information" in violation of the FDA's regulations. N.J.S.A. § 2A:58C-5(c). As this Court has previously held, a "state law cause of action does not give rise to a substantial and disputed question of federal law simply because it is predicated on conduct regulated by federal law."*Hirschbach,* 496 F.Supp.2d at 455. In this case, the meaning of the federal statute is simply not in dispute, and establishing such predicate acts will not federalize the state law fraud claims at issue in this case. *See* Merrell Dow, 478 U.S. at 814, n. 12 (citing *Moore v. Chesapeake & Ohio R. Co.,* 291 U.S. 205, 216-17) (noting that arising under jurisdiction is not conferred where an violation of a federal standard is merely an element of a state tort, and right of recovery hinged more on the law of the state). Accordingly, the Court finds that the imbedded federal issues in the state law claims pled in the Complaint do not give rise to federal jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, this Court determines that it lacks subject matter jurisdiction over this action and accordingly remands it to the Superior Court of New Jersey. An appropriate form of order will be filed together with this Opinion.

D.N.J.,2007.
Fields v. Organon USA Inc.
Slip Copy, 2007 WL 4365312 (D.N.J.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT H

Jaeger v. Schering Corp.
D.N.J.,2007.
Only the Westlaw citation is currently available.NOT FOR PUBLICATION
United States District Court,D. New Jersey.
Jane JAEGER, Individually and as Mother and Natural Guardian of Heidi Marie Jaeger, a minor and Donald Jaeger, Individually, Plaintiffs,
v.
SCHERING CORPORATION and Schering-Plough Corporation, Defendants.
**Civil Action No. 07-3465 (DMC).**

Oct. 25, 2007.

Ellen Relkin, Weitz & Luxenberg, South Orange, NJ, for Plaintiffs.
George E. McDavid, Melissa A. Laccabue, Reed Smith, LLP, Princeton, NJ, for Defendants.

**OPINION**

DENNIS M. CAVANAUGH, U.S.D.J.

*1 This matter comes before the Court upon motion to remand pursuant to 28 U.S.C. § 1447 by Plaintiffs Jane Jaeger, Individually and as Mother and Natural Guardian of Heidi Marie Jaeger, a minor and Donald Jaeger, Individually (collectively "Plaintiffs"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiffs' motion to remand is **denied.**

**I. *Background***

On June 28, 2007, Plaintiffs filed the Complaint in the Superior Court of New Jersey, Law Division, Essex County, alleging personal injury claims resulting from Jane Jaeger's mother's, Mary Ellen Jordan, ingestion of Synestrol (dienestrol), a prescription drug manufactured by Defendants. On or about July 2, 2007, Plaintiffs' counsel, Ellen Relkin, forwarded a copy of the Complaint to two of Schering Corporation's ("Defendants") former outside counsel and inquired whether Defendants were interested in pursuing alternative dispute resolution. (Relkin Ex. 2; Stanley Aff.). Relkin's letter states that she would be "formally serving the complaint." (Relkin Ex. 2).

The Track Assignment Notice ("TAN") was issued by the Superior Court on July 3, 2007, so Plaintiffs were required to serve the Summons on Defendants on or before July 18, 2007 to avoid becoming subject to a motion to dismiss. On July 17, 2007, Defendants' counsel, David E. Stanley, emailed Relkin requesting that she forward copies of the medical records to his attention so he could respond to her. Relkin replied to Stanley's email on July 19, 2007, at which time the matter was already subject to a Motion to Dismiss for failure to serve within fifteen days of the TAN. (Stanley Aff.). Relkin asked Stanley to agree that Defendants would not "raise objections as to delayed service" pending review of the medical records. *See id.*Believing that Relkin was asking Defendants to temporarily forego a motion to dismiss, Stanley agreed that Defendants would "raise no objections," provided process was served on or before September 3, 2007. Mention was never made regarding whether Defendants would remove the current case.

Pursuant to 28 U.S.C. § 1441(b), Defendants filed a Notice of Removal in the Federal District Court for the District of New Jersey on July 25, 2007. Plaintiffs did not serve the Summons and Complaint on Defendants until August 27, 2007-more than a month after Defendants removed the matter to this Court.

**II. *Discussion***

Civil actions filed in state court are generally removable to district court in cases in which "the district courts of the United States have original jurisdiction," unless "otherwise expressly provided by an Act of Congress."28 U.S.C. § 1441(a)."Thus, an action based on state law ... is removable to federal court when (1) the district court would have original diversity jurisdiction (because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the plaintiffs and defendants), and (2) when none of the parties properly joined and served at the time of the removal are residents of the forum state."*Thomson v. Novartis Pharms. Corp.*, No. 06-6280, 2007 WL 1521138 at

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*2 (D.N.J. May 22, 2007) (internal citations omitted).

**A. Removal Under 28 U.S.C. § 1441(b)**

*228 U.S.C. § 1441(b) provides that a civil action involving diversity of citizenship between the parties "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."28 U.S.C. § 1441(b). Specifically, in the Federal District Court for the District of New Jersey, however, "removal is prohibited only where a defendant, who is a resident of the forum state, has been 'properly joined *and served*.' " Thomson, 2007 WL 1521138 at *4 (emphasis in original); *see also* *Frick v. Novartis Pharms. Corp.*, No. 05-5429, 2006 WL 454360 (D.N.J. Feb. 23, 2006).

In an unpublished decision in *Thomson*, the defendants removed the matter before the plaintiffs were served with process. The plaintiffs filed their complaint in state court on December 19, 2006. *See*2007 WL 1521138 at *1. The plaintiffs submitted an affidavit stating that they attempted to effectuate service on five separate occasions between December 22-29, 2006, but no one was available to accept service during that period. *See id.*On December 29, 2006, before being served with process and unaware of the plaintiffs' attempts to serve, the defendants removed the matter. *See id.*On January 2, 2007, plaintiffs served the summons and complaint on the defendants. *Id.* The defendants argued that removal was proper because they were not yet served when they filed the notice of removal and, therefore, the limitation of 28 U.S.C. § 1441(b) was inapplicable. *See id.* at *2. The *Thomson* court agreed and denied plaintiffs' motion for remand "as the plain reading of § 1441(b) and a straightforward application of it in this case warrants denial of [the plaintiffs'] motion." *Id.* This conclusion is supported by considerable persuasive authority from other districts. *See, e.g., McCall v. Scott*, 239 F.3d 808, 813 n. 2 (6th Cir.2001); *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F.Supp.2d 731, 736 (D.Md.2006); *Test Drilling Serv., Co. v. Hanor Co.*, 322 F.Supp.2d 953, 957 (C.D.Ill.2003); *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F.Supp.2d 177, 181 (S.D.N.Y.2003); *In re Bridgestone/Firestone, Inc.*, 184 F.Supp.2d 826, 828 (S.D.Ind.2002); *Ott v. Consol. Freightway Corp.*, 213 F.Supp.2d 662, 665 (S.D.Miss.2002).

Plaintiffs' reliance on *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939), is misplaced because Plaintiffs concede that this case predates the enactment of 28 U.S.C. § 1441(b)-the same statute that Plaintiffs claim entitle them to remand. Congress clearly indicated their intention that an action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."28 U.S.C. § 1441(b). Furthermore, unlike in the current case, the parties in *Pullman* lacked complete diversity of citizenship. Therefore, this Court must give effect to the literal interpretation in the absence of a contrary Congressional intent and reject Plaintiffs' attempt to ignore the plain language of the statute and circumvent Congress's express intention.

**B. Plaintiffs' Policy Arguments**

*3 Plaintiffs contend that "large corporate defendants with vast financial resources such as Schering[ ] could easily monitor court dockets and immediately remove diversity cases prior to service. Defendants would thereby be able to prevent any plaintiff from pursuing a state court action against them..." (Pl.'s Br. at 10). Plaintiffs further argue that this practice "would be particularly easy in New Jersey ... due to New Jersey's track assignment number (which can be issued ten days from filing of the complaint) prior to serving the complaint and 'creates a window during which a New Jersey defendant can remove a case prior to service, thereby escaping the removal limitation of § 1441(b).' " (Pl.'s Br. at 10). Courts in the District of New Jersey have repeatedly rejected this argument, however, holding that "these arguments alone are insufficient to overcome the requirement that this Court give meaning to the plain language of the statute ... To adopt plaintiffs' arguments here would read the words 'and served' out of the statute."*Thomson*, 2007 WL 1521138 at *4;*see also* Frick, 2006 WL 454360, at *2.

As Plaintiffs have indicated, various district courts have decided this issue differently. In the current case, however, it is clear that removal was proper pursuant to 28 U.S.C. § 1441. Plaintiffs argue that the procedural limitation in § 1441(b) precluded removal because Defendants are New Jersey domiciliaries. This limitation, however, only applies to a case in which an in-state defendant has been "properly joined and served." *Id.* In the current case, there is no dispute that Defendants were not served at the time the removal was filed. Accordingly, there is

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

no applicable limitation on Defendants' right to remove the matter to this Court and, therefore, Plaintiffs' motion to remand is **denied.**

**III. *Conclusion***

For the reasons stated, it is the finding of this Court that Plaintiffs' motion to remand is **denied.**An appropriate Order accompanies this Opinion.

D.N.J.,2007..
Jaeger v. Schering Corp.
Slip Copy, 2007 WL 3170125 (D.N.J.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.