**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOANNE GRACYK, Plaintiff, vs. DAVOL, INC., A Rhode Island Corporation; C.R. BARD, INC., a New Jersey Corporation; Defendants. | NO.: 08CV00091 **RESPONSE TO DEFENDANTS OPPOSITION TO REMAND** |

Plaintiff, Joanne Gracyk, , by and through her undersigned counsel, respectfully submits this Response to Defendants' Opposition to Plaintiff's Motion for Remand back to the Superior Court of New Jersey, Union County, and Memorandum in Support thereof, and states as follows:

1. This action was commenced on December 10, 2007 against Defendants Davol, Inc., a Rhode Island corporation and C.R. Bard, Inc., a New Jersey corporation.
2. Plaintiffs' Complaint asserts claims against said Defendants, which arise from injuries suffered as a result of Plaintiff's use of Defendant's defective Kugel mesh hernia device.
3. Defendants are manufactures and sellers of the defective Kugel mesh hernia device.
4. Defendants Davol, Inc. and C.R. Bard, Inc. jointly removed the matter to this Court on January 7, 2008.
5. Pursuant to the "Forum Defendant Rule" Defendant C.R. Bard, Inc., a New

Jersey citizen and a forum defendant, improperly removed this case pursuant to 28 U.S.C. § 1441(b) where "any other such action ***shall be removable only jf none q[tlie parties in interest properly joined and served as defendants is a citizen of the State in which sue/i action is*** brought." (emphasis added).

6. Accordingly, Plaintiffs Motion for Remand should be granted.

7. Defendants allege that the removal of the case before in-state Defendant, C.R. Bard, Inc., was served renders the case properly removable, citing case law in support thereof.

8. However, a proper review of case law reveals that the underlying action was not removable by the in-state party Defendant, C.R. Bard, Inc. and therefore remand is warranted.

9. Recent jurisprudence by this Honorable Court demonstrates that absent proper service, a forum Defendant is still subject to the restrictions set forth under 28 U.S.C. § 1441(b). *See Fields,* 2007 WL 4365312 * (D.N .3. Dee. 12, 2007) (holding that a forum defendant cannot remove to federal court even if the forum defendant has not been properly joined and served).

10. In conclusion, Plaintiff requests this Honorable Court grant her Motion to Remand to the New Jersey Superior Court, Union County.

Respectfully Submitted:

**Dated: February 5, 2008**

BY: ______________________________

Derek T. Braslow, Esquire
Robert N. Wilkey, Esquire
POGUST & BRASLOW, LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428
Telephone: 610-941-4204
rwilkey@pbmattorneys.com

Russell H. Rein, Esquire
Douglass A. Kreis, Esquire
Neil D. Overholtz, Esquire
Aylstock, Wtikin, Kreis & Overholtz, PLLC
803 N. Palafox St
Pensacola, FL 32501

**Attorneys for Plaintiff**