IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOANNE GRACYK,<br><br>Plaintiff,<br><br>vs.<br><br>DAVOL, INC.,<br>A Rhode Island Corporation;<br>C.R. BARD, INC.,<br>a New Jersey Corporation;<br><br>Defendants. | NO.: 08CV00091<br><br>**MEMORANDUM OF LAW IN SUPPORT OF REMAND** |

Plaintiff, Joanne Gracyk, , by and through her undersigned counsel, respectfully submits this Memorandum of Law in Support of Plaintiff's Response to Defendants' Opposition to Plaintiff's Motion for Remand back to the Superior Court of New Jersey, Union County, and Memorandum in Support of Motion for Remand thereof, and states as follows:

## I. INTRODUCTION

**Defendant C.R. Bard's improper removal of this case ignores the statutory limitation of 28 U.S.C § 1441(b) prohibiting removal of a case when a forum defendant exists.**

Although Defendants attempt to side step the statute, claiming that the in-state Defendant was not properly served by the time of removal, such an argument fails in light of the fact that recent decisions of this Court and other courts hold that regardless of whether a plaintiff properly serves the forum defendant at the time of removal, *that* in-state defendant is still unable to properly remove the ease pursuant to 28 U.S.C. § 1441(b). Fields v. Organon USA Inc., 2007 WL 4365312 at *5 (D.N.J. Dec. 12, 2007).

## II. RELEVANT PROCEDURAL HISTORY

This action was commenced on December 10, 2007 against Defendants Davol, Inc., a Rhode Island corporation and C.R. Bard, Inc., a New Jersey corporation. Plaintiffs' Complaint asserts claims against said Defendants, which arise from injuries suffered as a result of Plaintiff's use of Defendant's defective Kugel mesh hernia device. On January 7, 2008, Defendants Davol, Inc. and C.R. Bard, Inc. jointly removed the matter to this Court. Plaintiff served Defendants Davol, Inc. and C.R. Bard, Inc. with the Summons and a copy of the Complaint on December 26, 2007 and January 9, 2008 respectively.

## III. REMOVAL IS IMPROPER PURSUANT TO 28 U.S.C. § 1441(b)

Inasmuch as Defendant C.R. Bard is a citizen of New Jersey and therefore a forum defendant, 28 U.S.C. § 1441(b) defines this case as irremovable. When considering a motion to remand, the Court must strictly construe removal statutes in favor of remand and resolve any doubts about the propriety of removing a particular action against allowing removal. Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). As the removing party, Defendants bear the burden of demonstrating that removal was proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990). In the instant action, it is irrefutable that complete diversity exists among the parties.[1] Accordingly, the issue before this Court is whether Defendant, C.R. Bard, Inc., a New Jersey citizen and forum defendant, improperly removed this case pursuant to 28 U.S.C. § 1441(b), sometimes referred to as the "Forum Defendant Rule."

28 U.S.C. § 144 1(b) provides that, "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

---

[1] Defendants have failed to show that the amount in controversy exceeds the statutory requirement as Plaintiff did not affirmatively plead the same.

Any other such action shall be removable only if none of the parties in interest **properly joined and served as defendants is a citizen of the State in which such action** is brought." (emphasis added). The intent behind removal based on diversity jurisdiction is "to protect out-of-state defendants from possible prejudices in state court." Lively v. Wild Oats Markets, Inc., 456 F. 3d 933, 940 (9th Cir. 2006). *See also* McSparran v. Weist, 402 F.2d 867, 876 (3d Cir. 1968). Conversely, in the case of an in-state defendant, "[t]he need for such protection is absent," so the Forum Defendant Rule was created to prevent removal in that instance, Lively, 456 F. 3d 933, 940 (9th Cir. 2006). *See also* Fields, 2007 WL 4365312 at *4 (D.N.J. Dec 12, 2007) ("Because the party seeking removal hails from the forum state, there is no fear of local bias. Removal under such circumstances does not comport with the policy underlying the statutes providing for removal based upon diversity jurisdiction and frustrates the policy underlying the forum defendant rule.").

In the instant case, Defendant, C.R. Bard, Inc. admits that it has its principal place of business in and was a citizen of the State of New Jersey at the time of the filing of the Complaint.[2] *See* Defendants Notice of Removal at ¶ 10. Therefore, pursuant to 28 U.S.C. *§* 1441(b), Defendant, C.R. Bard, Inc. is a forum defendant and this case cannot be removed.[4] Accordingly, this Court should grant Plaintiffs' Motion to Remand the case to Superior Court.

## IV. THE MOST RECENT PRONOUNCEMENT OF THIS DISTRICT SUPPORTS THE PROPOSITION THAT ABSENT PROPER SERVICE, A FORUM DEFENDANT IS STILL UNABLE TO AVOID THE RESTRICTION OF 28 U.S.C. *§* 1441(b).

Recent case law stands for the proposition that regardless of whether a plaintiff properly serves the forum defendant at the time of removal, *that* in-state defendant is still unable to

---

[2] It is important to note that there has been no suggestion that Defendant C.R. Bard, Inc. is a nominal or fraudulently joined defendant that Plaintiff included merely to block removal. To the contrary, C.R. Bard, Inc. is a central key party to the underlying action and, as alleged, committed affirmative acts which gave

properly remove the case pursuant to 28 U.S.C. § 1441(b). *See* Fields, 2007 WL 4365312 (D.N.J. Dec. 12, 2007); *See also* Vivas v. Boeing Co., 486 F.Supp.2d 726 (N.D.Ill.2007).

In Fields, 2007 WL4365312 at *1 (D.N.J. Dec 12 2007), the in-state pharmaceutical company defendant argued that removal was proper because the plaintiff's service was defective in that the party who accepted service was not an authorized agent of the defendant. In holding that a forum defendant cannot remove to federal court even if the forum defendant has not been properly joined and served, the Court said:

> "[w]hile the plain language of § 1441(b) would appear to encompass even situations where the removing party is the forum defendant, that interpretation leads to the untenable result that forum defendants can remove actions from state court as long as they do so **before they are served. The result of blindly applying the plain 'properly joined and served' language of § 1441(b) is to eviscerate the purpose of the forum defendant rule. It creates a procedural anomaly whereby defendants can always avoid the imposition of the forum defendant rule so long as they monitor the state docket and remove the action to federal court before they are served by the plaintiff.** In other words, a literal interpretation of the provision creates an opportunity for gamesmanship by defendants, which could not have been the intent of the legislature in drafting the 'properly joined and served' language."

*Id.* at *5 (Emphasis added.)

Recently, in Malone v. Glaxosmithkline PLC, Case No. 07-5048, slip op. (D.P.A. Dec. 4, 2007)[3], Honorable Timothy J. Savage remanded a case on the same basis asserted by Plaintiff. Specifically, Judge Savage found that:

> "[a] home state defendant may not remove an action brought in state court based upon diversity subject matter jurisdiction. 28 U.S.C. § 1441(b). The Notice of Removal and the complaint both allege that the defendant SmithKline Beecham Corporation, the removing defendant, "is and was a Pennsylvania corporation with its principal place of business located in the Commonwealth of Pennsylvania." Not. of Removal at ¶ 5; Compl. at ¶ 2. Therefore, absent federal question jurisdiction, this action was improperly removed by the home state defendant. **The removing defendant suggests that the provision of § 1441(b) prohibiting resident defendants from removing actions to federal court is inapplicable because it has not yet been served. Congress intended § 1441(b) to**

---

[3] Appropriately, Malone v. Glaxosmithkline PLC is cited in the 12/31/2007 edition of New Jersey Law Journal 13, "Citing Gamesmanship, U.S. Judge Plugs Loophole In Removal Statute" (2007).

> **restrict, not expand, federal jurisdiction. Accordingly, exercising jurisdiction that is otherwise lacking simply because the resident defendant obtained notice and copies of the complaint prior to service would frustrate Congressional intent.**
>
> Malone v. Glaxosmithkline PLC, Case No. 07-5048, slip op. (D.P.A. Dec. 4, 2007). *See also* Oxendine v. Merck & Co., Inc., 236 F. Supp. 2d 517, 524-25 (D. Md. 2002).

Similarly, in Vivas, 486 F.Supp.2d 726, 733 (N.D.Ill.2007), the court examined whether the ***in-state defendant,*** Boeing, could avoid the forum defendant limit on diversity jurisdiction by strategically removing the action before being served. After considering that the policy reason for the joined and served requirement was to protect non-resident defendants from being unable to remove an action, the court held that "to allow a resident defendant to remove a case before a plaintiff even has a chance to serve him would provide a vehicle for defendants to manipulate the operation of the removal statutes." 486 F.Supp.2d at 734. Because allowing for such a removal would go against Congressional intent, the court remanded the case. *Id.*

Defendants attempt to focus this Court's attention on the fact that it won the race to file its Notice of Removal before an authorized person hand delivered the Summons and a copy of the Complaint to Defendant C.R. Bard, Inc. However, the decisions in Malone and Vivas reveal that such an argument is still unable to overcome the limitation on removal by in-state defendants under 28 U.S.C. *§* 144 1(b). Accordingly, this Court should grant Plaintiffs' Motion to Remand the case to Superior Court.

## V. CONCLUSION

Plaintiffs hereby ask this Court to grant their motion to remand to New Jersey Superior Court, Union County.

BY: ______________________________

Derek T. Braslow, Esquire
Robert N. Wilkey, Esquire
POGUST & BRASLOW, LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428
Telephone: 610-941-4204
rwilkey@pbmattorneys.com

Russell H. Rein, Esquire
Douglass A. Kreis, Esquire
Neil D. Overholtz, Esquire
Aylstock, Wtikin, Kreis & Overholtz, PLLC
803 N. Palafox St
Pensacola, FL 32501

**Attorneys for Plaintiff**