**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
**-and-**
**SPRIGGS & HOLLINGSWORTH**
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(NEWARK VICINAGE)**

| | |
|---|---|
| **JOANNE GRACYK,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DAVOL INC. and C.R. BARD, INC.**<br><br>**Defendants.** | **Civil Action No.: 2:08-cv-00091-DMC-MF**<br><br>**DEFENDANTS' SURREPLY TO PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

Defendants C.R. Bard, Inc. and Davol Inc. (hereinafter "Bard") through counsel, file this surreply to address a newly raised argument in plaintiff's reply to Bard's opposition to remand.

## BACKGROUND

Bard filed a Notice of Removal in this Court on January 7, 2008, asserting diversity jurisdiction. Plaintiff filed a motion to remand contending that the home forum rule contained in 28 U.S.C. § 1441(b) prohibited removal by Bard because Bard is a New Jersey corporation. No other argument against removal was raised in plaintiff's motion.

Faced with Bard's opposition illustrating the fact that this very Court has interpreted 28 U.S.C. § 1441(b) to preclude removal only where a home forum defendant has been properly joined *and* served, as the plain language of § 1441(b) makes clear, plaintiff now raises for the first time the argument that Bard failed to show the amount-in-controversy exceeds the requisite jurisdictional amount. As outlined below, this argument is without merit.

**ARGUMENT**

Bard in its Notice of Removal asserted that the jurisdictional amount contained in 28 U.S.C. § 1332 was met here given the nature of plaintiff's allegations and claimed damages. Specifically, she claims to have suffered "severe complications relating to her original hernia related surgery including a perforated bowel." Compl. ¶ 8. These "severe complications" have caused in the past and continue to cause "severe pain, discomfort, fear, stress, and harm," Compl. ¶ 9, and plaintiff attributes these injuries to a defect in the Composix® Kugel® Patch that was used to repair her hernia. Compl. ¶¶ 9, 14, 18, 21, 25, 30, 37, and 42. She seeks as compensation "compensatory damages, punitive damages, interest, and allowable costs of suit."

The Third Circuit has determined that the types of injuries alleged in plaintiff's Complaint meets the jurisdictional amount-in-controversy requirement for diversity jurisdiction. *See, e.g., Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (medical device product liability complaint alleging compensatory and punitive damages satisfies amount-in-controversy for diversity jurisdiction). This result is even more certain given plaintiff's demands for punitive damages. *See Golden ex rel. Golden v. Golden,* 382 F.3d 348, 355-56 (3d Cir. 2004) ("Claims for punitive damages may be aggregated with claims for compensatory damages unless the former are patently frivolous and without foundation . . . . If appropriately made, therefore, a request for punitive damages will generally satisfy the amount in controversy requirement

because it cannot be stated to a legal certainty that the value of plaintiff's claim is below the statutory minimum.").

Recently, this same Court engaged in a detailed analysis of the amount-in-controversy requirement in a remand context. *See Raspa v. The Home Depot,* No. 07-cv-1893 (DMC), 2007 WL 4569887 (D.N.J. Dec. 21, 2007). There, this Court, following *Golden*, found that in aggregating compensatory damages with punitive damages in a personal injury case claiming "severe" physical injury the amount-in-controversy for diversity jurisdiction was met. *Id.* at **6-7 ("Combined with compensatory damages, the punitive damages will likely bring Plaintiffs' damages in excess of the $75,000 jurisdictional requirement."). Here, the same result ensues as plaintiff alleges severe physical and emotional injuries stemming from an allegedly defective product and Bard's conduct in bringing that product to market.

## CONCLUSION

For the reasons set forth above and in Bard's opposition to remand, plaintiff's motion to remand should be denied.

Dated: February 8, 2008

Respectfully submitted,

David J. Cooner

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
(973) 297-3960 (fax)

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.